MOTION SEEKING EMERGENCY RELIEF

1. HIGH DESERT STATE PRISON
2. PO BOX 650
3. INDIAN SPRINGS, NV 89070
4. JOSEPH MIZZONI #68549

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MIZZONI | CASE # 3:15-CV-0049 |
| Plaintiff | AND # 3:15-CV-00313-MMD-VPC |
| vs. | MOTION SEEKING PERMISSION TO |
| | RECEIVE EMERGENCY INJUNCTION |
| STATE OF NEVADA ex.rel. | FOR RELIEF UNDER FRCP 60(b) |
| Defendants | AND JUDICIAL NOTICE |

Comes Now; Plaintiff Joseph Mizzoni #68549 PRO-SE for the above Case # 3:15-CV-0049 and Counter Excessive Force §1983 Case # 3:15-CV-00313-MMD-VPC, and Plaintiff Respectfully is seeking the above motion on new evidence FRCP 60(b) on his §1983 Civil Rights Complaint Pursuant to 42 USC §1983.

-1-

## I.

## STATEMENT OF FACTS IN SUPPORT I

1. (1.) I am the Plaintiff Joseph Mizzoni in PRO-SE
2. and am requesting to File a motion for Emergency Injunction
3. Relief on a FRCP 60(b) new evidence.
4. See; Hains v. Kerner, 404 U.S. 519, 520 (1972) (Allegations of a PRO-SE
5. complaint are held to less stringent standards than formal pleadings
6. drafted by lawyers.
7.
8. (FACT 1.) Plaintiff filed his Complaint §1983 on the 10th day of
9. September, 2015. CASE # 3:15-CV-0049 for his disciplenary by (NDOC).
10.
11. (FACT 2.) Plaintiff filed a §1983 Excessive Force a counter claim
12. of seprate doingings on the 8th day of June, 2015, on CASE #
13. 3:15-CV-00313-MMO-VPC.
14.
15. (FACT 3) Plaintiff received a "LIMITED NOTICE OF APPEARANCE" on
16. CASE # 3:15-CV-00313-MMD-VPC Excessive Force Claim stating the
17. Defendents Christopher Smith (identified as C. Smith in Plaintiffs Complaint)
18. Robert Ardinger and Sergent Ms. Robertson, on MIZZONI VS. C/O ALLISON et al.
19.
20. (FACT 4.) Fact C. Smith is the charging Officer on Plaintiffs NDOC Disciplenary
21. Charges of Assalt, Battery, and Cussing and stated Plaintiff hit him in a
22. scuffle in his temple with a closed fist and wrote all the rest of
23. this disciplinary hearing on 5-7-15 and Plaintiff was found guilty and given
24. (2) Years Disciplenary Segregation, Stat loss, Restitution, Criminal Secectioned by A6
25. Referal, Loss of store (2)years, Loss of Visits contact (2)years, and Loss of appliances,
26. and sent to a Maximim Security State Ely Prison, and loss of all amenities,
27. privilgs, liberty interest compared to (GP) Inmates situated at Northern
28.

-2-

I.

STATEMENT OF FACTS IN SUPPORT I

1. Nevada Correctional Center on a medium prison yard. And because of
2. C. Smiths C/O's lie about me hitting him and charging and convicting
3. me of this Disciplenary Segragation I suffered a great deal as
4. said but whats more disturbing is his Co Defendants on case #
5. 3:15-CV-00313-MMD-VPC beat me and caused me sever perminant
6. injuries and scaring to my body, and further conspired with all the
7. Defendents of that case and used false Pictures of C.Smiths C/O' face
8. and a hand with a superfisial cut on the top right knuckle bleeding
9. to say I did this serious criminal offense, and I never hit him
10. or any one, and all Defendants have made me do 1½ year of D/S
11. allready illgelly and unjustly, having me worry emotionally, physically,
12. mentally, spiritually to all of the sanctions exspeillisey the fact of
13. getting another Felony on my record which would give me a
14. life sentence for Habitually Criminal. They all comited perjurey, obstruction
15. of justice, false write up and Criminal A6, False Arrest, Milltshes Proscution,
16. Outrages Government Conduct, Conspiricey to comit murder, Assalt, battery,
17. and non medical treatment to those injuries by lieing and cavering all
18. case# 3:15-CV-00313-MMD-VPC and this case # 3:15-CV-D049. And most
19. reasently Plaintiff ask the Case Worker Mr Smith at High Desert State Prison
20. if Plaintiff could at least get put on Administration Segretion intill pending
21. the out come of the Excessive Force claim because by the (3) Defendants
22. entering a " LIMITED NOTICE OF APPEARANCE" on case # 3:15-CV-00313-MMD-VPC
23. dated the 15th day of January, 2016 Doc #7, tells this Court and that Court
24. Case related that they are admitting guilt in order to settle out of Court
25. and each had a personel and official involment by C.Smith writing D/S Report and
26. lieing; Mr. Ardinger I beleive is who did most of the excessive physical force to
27. Plantiffs head, stomic, knee areas; Ms Roberston taking hand held vidio and pictures
28. to send to the I6 and Disxyplency Officer to all convict me on it.

↑ + 3 - ↑

I.

STATEMENT OF FACTS IN SUPPORT I

1. And NDOC Administration at NNCC PRISON and Director Office Assistant and
2. Directors conspiring, allowing, and ordering the Officers to give Plaintiff this
3. Disciplinary 5-1-15 for 3-28-15. Today Mr Smith the caseworker tells me
4. I talked to the assistant Warden and he said about you coming off
5. D/S "FUCK NO". This Caseworker tells me 4 weeks ago his policy is do 1 year
6. of the 2 year sentence he puts you back on (GP) or (Add Seg), then two
7. weeks go by I asked him about it, he then tells me, "I am going to
8. wait 2 more weeks, so today 2 weeks go by he said the above. All this
9. is further retaliation on top of retaliation already knowing I did nothing
10. written on this Disciplinary Report.
11. See; Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert denied 442 U.S.
12. 941 (1979). A plaintiff can establish the necessary causal connection for
13. supervisory liability by alleging that the defendant "set[] in motion
14. a series of acts by others" or "knowingly refused to terminate a
15. series of acts by others, which the supervisor knew or reasonably
16. should have known would cause others to inflict a constitutional injury."
17. Starr v. Baca, 652 F.3d 1207-08 (9th Cir. 2011) (internal quotations, original
18. alterations and citations omitted) Thus, "[a] supervisor can be liable in his
19. individual capacity for his own culpable action or inaction in the training,
20. supervision, or control of his subordinates; for his acquiescence in the constitutional
21. deprivation; or for conduct that showed a reckless or callous indifference to
22. the rights of others." Id at 1208 (quoting Watkins v. City of Oakland, 145 F.3d
23. 1087, 1093 (9th Cir. 1998); see also Larez v. City of Los Angeles, 946 F.2d 630,
24. 645. (9th Cir. 1991)
25. See; Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)
26. Plaintiff showed retaliation and some evidence exercising his constitutional
27. rights by stating he quit his porter job on this complaint and for that
28.

-4-

# I.

## STATEMENT OF FACTS IN SUPPORT P

1. and while he has been in DJS C/O's care using Lazer equipment ran
2. in to my cells from NNCC, Ely and Now High Desert to hit
3. my vital areas of heart, neck, stomx, chest, private areas and in order
4. to then bringing above cells houses in the main Air outtake Duct
5. through my vents in cells to maime me by blinding me, mute my voice,
6. heart attack or sezure, retard me, make me a parpalyeck or cripple me
7. by this equiptment and a hidden camra in cells with audio interrgations
8. of this and other threats to make a deal or else and even death threats.
9. Also chymicals sprayed; bugspray, peperspays, Acid fone, Acids, Desseases and
10. sprayed through my vents in cell from there posted areas of Unitsaby
11. there administration orders, allows it and particupates in it to seceed and
12. answerd on a grevance that Staff can use Camras on me and Interagate
13. me just reasently. See; Vance v. Barrett 345 F.3d 1083, 1093 (9th Cir 2003).
14. See; Valendingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989)
15. (finding sufficent evidence) Timmy of events surrounding the alleged
16. retaliation may constitute Circumstantial evidence of retaliatory Intent.
17. Plaintiff shows this because he was threder to be transfered to max prison
18. and was as soon as he filed complaints of the above abuse in cells.
19. See; Gomez v. Vernon, 255 F.3d 1118, 1127-28 (9th Cir. 2001).
20. See; Dewalt v Carter 224 F.3d 607, 617-18 (7th Cir 2000) (Inmate may chalange
21. a prison disciplenry under §1983 provided the punishment he received did
22. not effect the length of his carceration)
23. See; Black v. Lane, 22 F.3d 1395 (7th Cir 1994) Also See; Cain vs Lane, 857
24. F.2d 1139 (7th Cir 1988)
25. And See; Smith v. Rowe, 761 F.2d 360 (7th Cir 1985) Found inmate was
26. awarded $80.770 for being unjustly placed into segration (22 months.)
27. Under FRCP 60(b) new evidence of Defendants setting out of Court to avoid procusecution
1. of these actions in this disciplenary.

-4-

## II.

## CONCLUSION

WHEREFORE, Because Defendants said in this request lied and are willing to settle the ajpsent CASE # 3:15-cv-00313-MMD-VPC for excessive force out of court then Plaintiff respectfully ask that his disciplenary be exsponged/dismissed and Emergency Injunction Relerf of this Motion to order (NDOC) to release plaintiff from Disciplenary Segragation and put plaintiff on at a minimum Administrative Segragation and long term when he gets his eye surgery done to place him at his medim yard and give him his cmtintives, privulages, liberties to that, and if not to remove plaintiff from custday to release or out of state for his saffy and retaliations.

RESPECTFULLY SUBMITTED  
this 21st day of Febrary, 2016

BY: Joseph M-  
JOSEPH MEZZONE  
#68549

-5-

III.

AFFIDAVITS OF JOSEPH MEZZONI #68549 IN PRO-SE

STATE OF NEVADA )
                : SS
CLARK COUNTY )

(1) Plaintiff sworn in support of the Motion duly and sworn says;

(2) Plaintiff in Prose Joseph Mizzoni #68549 in support of this Affidavit here for a "MOTION SEEKING PERMISSION TO RECEIVE EMERGENCY INJUNCTION FOR RELIEF UNDER FRPC 60(b) AND JUDICIAL NOTICE" IN THE US. DIST. COURT OF NEV. FOR THE DIST OF NEVADA and does so for his §1983 Civil Rights Complaint case 3:15-CV-0049 in a present to the proceedings of CASE # 3:15-CV-00317-MMD-VPC; and in a truthful manner under sworn affidavit combined in order to state a claim of this Emergency Injunction Relief.

RESPECTFULLY SUBMITTED
this 21st day of February, 2016

BY: Joseph Mizzoni
JOSEPH MIZZONI
#68549

-6-

## IV

## CERTIFICATE OF SERVICE BY MAIL

1. I Joseph Mizzoni #68549, hereby certify pursuant to 28 USC §1746
2. that on this 24 day of February 2016 I mailed a true correct copy of
3. the foregoing "MOTION SEEKING PERMISSION TO RECEIVE EMERGENCY
4. INJUNCTION FOR RELIEF UNDER FRCP 60(b) AND JUDICIAL NOTICE"
5. for case #3:15-CV-0049 and the adjacent case # 3:15-00313-MMD-VPC
6. by giving same to prison guard officials cos at the High Desert State Prison
7. to deposit in the U.S. Mail Brass Slip # _____ sealed and
8. postage prepaid, and addressed to:
9.
10. (1) CLERK, US DIST COURT          (2) OFFICE OF ATTORNEY GEN, NEV
11.     DISTRICT OF NEVADA                100 Carson Street
12.     400 S. Virginia Street, Room # 301   Carson City, NV. 89701-4717
13.     Reno, NV. 89501
14.
15.
16. (3) Plaintiff Address
17.     Joseph Mizzoni #68549
18.     H.D.S.P
19.     Po Box 650
20.     Indian Springs, NV. 89070
21.
22.                                    RESPECTFULLY SUBMITTED
23.                                    this 24 day of February, 2016
24.
25.                                    BY: Joseph M.
26.                                    JOSEPH MIZZONI
27.                                    #68549
28.

-7-