MOTION SEEKING PERMISSION

1. HIGH DESERT STATE PRISON
2. PO BOX 650
3. INDIAN SPRINGS, NV. 89070
4. JOSEPH MIZZONI #68549
5.
6. IN THE UNITED STATES DISTRICT COURT
7. FOR THE DISTRICT OF NEVADA.
8.
9. JOSEPH MIZZONI                    CASE# 3:15-CV-00499-MMD-WGC
10.         Plantiff
11.                                  MOTION SEEKING PERMISSION TO
12. VS                               ADDRESS PLAINTIFFS FIRST AMENDED
13.                                  COMPLAINT UNDER "NEW DISCOVERY"
14. ▓▓▓▓▓ BACA et al                 "EVIDENCE", AND ADD DEFENDANT
15.         Defendants               NDOC OFFICER JOHN HILL-SENIOR C/O
16.                                  AND 5-28-15 PRELIMINARY HEARING
17.                                  OFFICER
18.
19. COMES NOW, Plantiff Joseph Mizzoni #68549 PRO-SE and
20. Respectfully ask the Court to "MOTION SEEKING PERMISSION"
21. above §1983 CIVIL RIGHTS COMPLAINT PURSUANT TO 42 USC §1983.
22.
23.
24. See; JOSEPH MIZZONI VS. WARDEN MR MCDANIEL, CASE# HC-0806011,
25.    DEPT.1,"ORDER GRANTING IN PART AND DENYING IN PART PETITION
26.    FOR WRIT OF HABEAS CORPUS" (PAGE 4 LINE 21 TO PAGE 5 LINE 1-12)
27.    dated the 24th day of September, 2008.
28.
                                  -1-

I.

STATEMENT OF FACTS IN SUPPORT I

1. (1.) I am the Plaintiff Joseph Mizzoni #68549 PRO-SE
2. and am requesting to file a "MOTION SEEKING PERMISSION".
3. See; Haines v. Kerner, 404 U.S. 519, (1972) (Allegations of a pro-se
4. complaint are held to less stringent standards than formal pleadings
5. drafted by lawyers.
6.
7. (FACT 1.) Plaintiff filed his § 1983 on the 10th day of September, 2015.
8.
9. (FACT 2.) Plaintiff filed a MOTION SEEKING PROMISSION TO RECEIVE
10. EMERGENCY INJUNCTION FOR RELIEF UNDER FRAC 60(b) AND
11. JUDICIAL NOTICE on the 21st day of Febury, 2016
12.
13. (FACT 3.) Plaintiff received a SCREENING ORDER on the 18th day of
14. March, 2016, and was ordered to do the following (1) To Proceed the
15. 14th Amendment due process claim against defendant Brannon. (2) Leave to
16. Amend on defendants C. Smith, Cox, Walsh, McDaniel, AND BACA.
17.
18. (FACT 4.) Plaintiff did Amend his Complaint against defendants C. SMITH, COX,
19. WALSH, MCDANIEL AND BACA, on the 1st day of March, 2016 give or
20. take in the 30 day time limit ordered by Court.
21.
22. (FACT 5.) Plaintiff just received some discovery evidence of officers reports,
23. witnesses, and disciplinary reports on case# 3:15-CV-00313-MMD-VPC
24. on a Motion called "DEFENDANTS OPPOSITION TO PLAINTIFFS' "MOTION
25. SEEKING PERMISSION TO RECEIVE EMERGENCY INJUNCTIVE RELIEF
26. FOR NECK INJURY BY DEFENDANTS AND ADD DEFENDANTS FOR
27. NON-MEDICAL TREATMENT" dated the 6th day of April, 2016. And on
28. this motion plaintiff discovered

-2-

STATEMENT OF FACTS IN SUPPORT I

1. that Senior NDOC OFFICER JOHN HILL was a big part of the
2. 3-28-15 Insident from start to finish on Defendants MEZZONI 313:
3. DEF EXH-A-003 Page 3 of 10 Report Detail and contened to DEF
4. EXH A-004 Page 4 of 10. Mr John Hill was Plaintiffs Prelemenary
5. Hearing Officer and had first hand knowledge and was not impartial
6. to Plantiffs disuplinary process of (NDOC) AR 707. On the Defendants
7. MEZZONI 313: DEF EXH A-003, it states: Staff Name HILL JOHN
8. responding Officer, Reports, Report Type: INC028, REPORT Detail - On (PARTICIPATION)
9. Saterday March 28, 2015, I Senior Officer J. Hill while ~~being~~ assigned
10. to Search and Escort at Northern Nevada Correctional Center did provide
11. assistance in Unit Four to secure cell doors at close of tier time. At
12. approximately 2045 hrs or 845pm Officers Allison, Ardinger, S. Smith
13. did arrive in the unit 4. Shortly there after a radio transmission from
14. Unit 5 caused officer Allison to suggest a response to Unit 5.
15. Seconds later additional radio transmission requested "BACK UP" to unit 5.
16. Myself and the three other officers departed Unit 4 enroute to Unit 5.
17. Upon arrival Officers Allison, Ardinger, S. Smith, provided assistance to
18. Officer C. Smith while I began to disperse inmates from the imedate
19. area, clearing the rotunda and securing inmates in their cells. As additional
20. staff members arrived. The area was secured. I then observed the escort
21. of inmate Mizzoni # 68549. from Unit 5 to unit 8 for medical evaluation.
22.   Also Mr John Hill, plaintiff beleives by his disorentated that Mr Hill
23. is who put plaintiff in a Choke hold to start the dragging plaintiff backwards
24. from Unit 5 to Unit 8. Theres a Stationary Camera in front of Unit 5 where he
25. or his partners did this. Also Cameras stationary on each side of Unit 5 wings
26. A and C outside, also outside Unit 4 same and Unit 8 outside and inside to
27. prove this in which plaintiff was denied at his Disciplenary Hearing on ~~[redacted]~~
28. 5-1-15.          -3-      (Note: MIZZONI 313: DEF EXH A 003-004 is on
                                Defendants motion said to CASE # 3:15-CV-00343-MMD-VPC
                                EXHIBITS A.)

I.

STATEMENT OF FACTS IN SUPPORT I

1. Mr. John Hill is not impartial and has first hand knowledge of the
2. 3-28-15 Disciplinary Report. DISCIPLINARY FORM E NOTICE OF
3. CHARGES Page 1 of 1 date 4-4-15 Time of Service: 0127 Printed name
4. of hearing Officer J. Hill and signed and signature of Ramote, I Signed.
5. Also see; State Of Nevada Department of Corrections DISCIPLINARY FORM II
6. SUMARY OF HEARING OFFICERS INQUIRY AND DISPOSITION. Page
7. 1 of 2 Name of Hearing Officer Hill, John Date 4-4-15 at time of
8. 0.127 am Unit 7-B-62A and see; Page 2 of 2 Name of Hearing Officer
9. Hill, JOHN Date 4-4-15 Time: 01.27 Am Signature J. Hill myself
10. signed below his name. See; AR 707 Page 3 of 38 DISCIPLINARY PROCESS-
11. This term is intended to describe the collective steps necessary to resolve a
12. violation, including the service of the "Notice of Charges" the Preliminary Hearing
13. Officers Inquiry and Disposition", the Disciplinary Hearing", the "Appeal" (if any)
14. and any incidential task such as referals for sentence credit forfeiture and
15. Parole revocation. See; AR 707 Page 4 of 38 <u>PREMIMINARY HEARING</u>
16. <u>Officer</u>- An impartial Correctional employee who presents the written Notice
17. of Charges to the accused inmate and advises the inmate of the
18. procedures applicable under the Code. See; AR 707 Page 4 of 38
19. 707.01 DEPARTMENT POLICY 1.3 Disiplen should be applied in an
20. <u>impartial</u> and consistant manner. See; AR 707 Page 5 of 38 1.9 • At least
21. 24 hours prior to any formal hearing before an <u>impartial Disciplenary Hearing</u>
22. Officer a Notice of Charges will be served. See; AR 707.02 DISCIPLINARY
23. PROCESS STRUCTURE 1.1 Pages 5 of 38 to 6 of 38. See; AR 707.04
24. INMATE DISCIPLINARY PROCESS 1.1 to 1.1.3 Page 6 of 38 to 1.1.8.3 Page 8
25. of 38. <u>All Supervisors should be imparcantal</u> in that He • did not witness or
26. investigate the alleged violation. • Were not a victim of the alleged violation.
27. • Did not participate in the writing of the Notice of Charges. Did not sit as
28. a

-4-

I.

STATEMENT OF FACTS IN SUPPORT

1. member of the Classification committee, which authorized pre-disciplinary
2. segregation for the same offense. • Were not the Preliminary Hearing
3. Officer for the same offense. Finally See AR 707 Page 8 of 38 to Page
4. 9 of 38, 1.2.1.1 As soon as practicable after receipt, an Impartial
5. Preliminary Hearing Officer Shall review the description of the incident and the
6. violations, which are charged. See; AR 707 Page 10 of 38 to Page 12 of 38.
7. Add Defedant John Hill (NDOC) CAUSE OF ACTION. VIOLATION OF 8th and 14th Amend to USCA.
8. Plaintiff has shown that the Preliminary Hearing officer should be
9. a defendant for his first hand knowledge, participation on Incident 3-28-15
10. and his participation of being the Preliminary Hearing Officer shows he was
11. not impartial to Plaintiffs disciplinary hearing process and at this time
12. Plaintiff Respectfully under new evidence as of date of April 6, 2016
13. as said in this motion that Mr Hill was in fact from start to
14. finish a big part of plaintiffs disciplinary and sanctions to follow. He
15. Violated Plaintiffs 14th Amendment to the USCA due process by "not"
16. being parcial to Plaintiffs Disciplinary Process per AR 707 (NDOC) Disciplenary
17. process for Inmates and conspired to punish plaintiff to cruel and
18. unsual punishment under the 8th Amendment to the USCA by participating
19. in the 3-28-15 Incident from start to Finish and he admits it. And
20. he had first hand Knowledge of the Disciplenary Report with C. Smith
21. the reporting Officer and participated in that and allowed plaintiff
22. to be sanctioned Knowing he was the Prenleminary Hearing Officer and
23. a participant to the false write up by C. Smith and apart of it.
24. He knowing it still proceeded the Write up, preleminary hearing, and
25. Disciplenary Referal to have Plaintiff sanctioned to: 2 years in D/S.
26. No Store, No Visits Contacted, No Appliances, loss of yard priviliges on a
27. minimum yard and moved to a max yard locked down 24/7, Loss of law library
28. access on yard, Loss of culinary     -5-

STATEMENT OF FACTS IN SUPPORT I

1. Loss of yard 3 times a week big yard, Band Room, Gym, Chiror pratice
2. Church, Coffee shop priviliges, No restrains on hands and legs, Tear time
3. outside cell, showers every day, packages, and other amenities and
4. priviliges by medimum yard standards and GP Prisoners alike and by him
5. violating my 8th and 14th Amendment rights and Conspiring and participating
6. with all Defendants to convict me of a false Discipleincy by C.Smith
7. and sanctions did in fact violate my 8th and 14th Amend to USCA.
8. Therefore Plaintiff shows good cause why Mr. Hill should be added
9. as a defendant to plaintiffs §1983 Civil Rights Complaint Pursuant to
10. 42 USC §1983. Re: Defendant MR JOHN HILL resides at NNCC PRISON, Po Box 7000
11. Carson City, NV. 89701-7000. and is employed as Correctional Senior Officer for
12. (NDoc) NNCC. This defendant is sued in (his) individal and offical policey
13. Capacity. The Defendant under Color of Law: Worked as a Senior Correctional
14. Officer and participated in the 3-28-15 Incident which resulted into a
15. Disciplenary Report by C.Smith and he participated and sat in as the
16. Preliminary Hearing Officer 4-4-15 to punish Plaintiff at (NNCC) for (NDoc).
17. This was a Hardship and atypical situation compared to DTS to GP(Relief same as Bravason)
18.      Plaintiff has also found newly discovered evidence of Mr. Robertson to add
19. She was a participant of the 3-28-15 Incident from start to finish
20. and then she sat in and was the Warden/Designee for plaintiffs
21. Admistrative Segregation Notice of Classification Hearing. See; Case #
22. 3:15-CV-122313-MMD-VPC, DEFENDANTS OPPOSETION TO PLAINTIFFS
23. "MOTION SEEKING PERMISSION TO RECEIVE EMERGENCY INJUNCTIVE RELIEF
24. FOR NECK INJURY BY DEFENDANT'S AND ADD DEFENDANTS FOR NON-MEDICAL
25. TREATMENT" dated on the 6th day of April, 2016. EXHIBIT B Page one. she
26. signed it.
27.      And last newly discovered evidence Defendant Bravason, Baca, Cox all on
28. a Nevada Dept. of Corretions

-6-

I.

STATEMENT OF FACTS IN SUPPORT E

1. Northern Nevada Correctional Center, Disciplinary Sanction Notification form OP-707
2. states the following:
3.     GREG COX                                    ISIDORO BACA    OP 707
4.     DIRECTOR                                    WARDEN
5. Inmate: Mizzoni, Joseph          NDOC # 68519
6. Date 5-1-15                      Housing 7B-62A
7. Inmate Pled Guilty ☐  Not guilty ☒   OIC # 390034
8. Has been found guilty of violation of the Code of Penal Discipline and has
9. received the following sanctions;  ▬▬▬▬▬▬▬▬
10. Loss of Visiting   All Visits        From:_____ TO:_____
11.                    All Contact Visits  From _____ TO _____
12.                    Visits with _____   From: _____ TO: _____
13. Loss of Canteen/store              From: _____ TO _____
14. Loss of Phone                      From _____ TO _____
15. Loss of Yard Priviledge            From _____ TO _____
16. Loss of electrical appliances _____ Days ASAP  Loss of GYM Privileges _____ Days ASAP
17. EXTRA DUTY        YLC _____ hrs. and/or Unit _____ for _____ hrs.
18. Restitution                       ($ TBD)
19. Property loss/forfeiture:    Return (I/m & Date): _____
20.                              Sent out _____  Dispose _____
21. Institutional transfer:      Recommended Institution: _____
22. STAT referal           A  X   B _____  C _____
23. Parole Board/Attorney General referal _____ PB _____ AG (check if applicable)
24. Other (specify)  24 mos DS
25. Service/Hearing Officer  Lt. Brannon.
26.    Above if the Court looks Mr Brannon "only" sanctioned plaintiff ($ TBD) restitution, Stat A
27. referal and 24 months Disciplinary Sanctions. He didn't nor Director Cox or Warden Baca
28.

-7-

STATEMENT OF FACTS IN SUPPORT I

1. allow "any" sanctions or mark "any" extra due process sanctions
2. per OP 707: Loss of Visiting Contact, Loss of Canteen/Store, Loss of Phone,
3. Loss of Yard privileges, Loss of electrical appliances, Loss of Gym, Loss of
4. Extra Duty, Property loss/forfeiture, Institutional Transfer, Parol Board/
5. Attorney General referral, on this form part of the Disciplinary
6. Board Process. Its on the Defendants motion as said in MEZZONI 313: DEF
7. EXH-B-001 of that motion. Also on that motion shows MEZZONI 313: DEF
8. EXH-B-004, State of Nevada Department of Corrections, DISCIPLINARY FORM
9. III SUMMARY OF DISCIPLINARY HEARING, Results of Disciplinary Hearing
10. DS 24 months 05/01/2015 to 05/01/2017, RESTITUTION 05/01/2015 ALL RES
11. Your account will be frozen until the amount is determined and posted, STAT
12. REF 05/01/2015 Recommended Category A. No where does it say or is
13. it on hope any of the sanctions above to be took with out due process
14. to plaintiff. Plaintiff should be allowed all those sanctions back and
15. damage awards for the time with out them, he proves it under this
16. new amended evidence as of April 6, 2016. And it does show Defendants
17. Director Cox and Warden BACA do have a say and part of the Disciplinary
18. processes and sanctions to inmates under OP 707. NDOC. It is a Violation of the
19. 14th Amendment Due Process clause and is a liberty interest. Relief same as the other defendant
20. Brannon.   II. CONCLUSSION
21. WHEREFORE Plaintiff Respectfully shows good cause why he should be allowed
22. to add John Hill Preliminary Hearing Officer to his §1983 and shows why his
23. sanctions should be lifted and shows why Warden BACA and Director Cox should be allowed
24. to Proceed under the 1st Amended Complaint because of newly Discovered evidence
25. as of April 6, 2016. And Plaintiff does ask for all to be granted. FRCP 6a(b).
26.
27. RESPECTFULLY SUBMITTED                        BY: Joseph Mezzoni #65549
28. this 14th day of April 2016            -8-    JOSEPH MEZZONI #65549

## III

<u>AFFIDAVITS OF JOSEPH MEZZONE #68549 IN PROSE</u>

1. STATE OF NEVADA)
2.                  SS
3. CLARK COUNTY )
4.
5. (1) Plaintiff sworn in support of the Motion duly on' says;
6.
7. (2) Plaintiff in <u>PRO-SE Joseph Mizzoni #68549</u> in support of this
8. affidavit here for a "<u>MOTION SEEKING PERMISSION TO ADDRESS</u>
9. <u>PLAINTIFFS FIRST AMENDMENT COMPLAINT UNDER "NEW DISCOVERY"</u>
10. <u>EVIDENCE" AND ADD DEFENDANT NDOC OFFICER JOHN HILL-SENIOR C/O</u>
11. <u>AND 3-28-15 PRELIMINARY HEARING OFFICER"</u> on his § 1983 <u>IN</u>
12. <u>THE UNITED STATES DISTRICT COURT DISTRICT OF NEVADA</u> AND
13. does so in a truethfill manner under 28 USC §1746 and NRS LAWS
14. of perjury and penalty.
15.
16.                                               <u>RESPECTFULLY SUBMITTED</u>
17.                                               this 14th day of April 2016
18.
19.                                               BY: Joseph Mizzoni
20.                                                  JOSEPH MEZZONI
21.                                                  # 68549
22.
23.
24.
25.
26.
27.
28.

IV.

CERTIFICATE OF SERVICE BY U.S. MAIL

I Joseph Mizzoni #68549 hereby certify pursuant to 28 USC §1746 that on this 14 day of April 2016 I mailed a true correct copy of the foregoing "MOTION SEEKING PERMISSION TO ADDRESS PLAINTIFFS FIRST AMENDED COMPLAINT UNDER "NEW DISCOVERY" "EVIDENCE" AND ADD DEFENDANT NDOC OFFICER JOHN HILL-SENIOR C/O AND 3-28-15 PRELIMINARY HEARING OFFICER" and by giving it to a prison guard at High Desert State Prison Brass Slip #1703458 sealed and postage pre-paid, and addressed to:

(1) CLERK, U.S. DISTRICT COURT
    DISTRICT OF NEVADA
    400 S. Virginia Street, Room #301
    Reno, NEVADA, 89501

(2) OFFICE OF ATTORNEY GEN, NEV.
    100 CARSON STREET
    CARSON CITY, NV. 89701-4717

(3) Address of Plaintiff
    Joseph Mizzoni #68549
    High Desert State Prison
    PO Box 650
    Indian Springs, NV. 89070

RESPECTFULLY SUBMITTED
this 14th day of April 2016

BY: [signature]
    JOSEPH MIZZONI
    #68549

-10-