UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:15-cv-00499-MMD-WGC<br><br>ORDER |

## I. DISCUSSION

### A. MOTION FOR RECONSIDERATION

Plaintiff has filed a motion for reconsideration of the Court's denial of his request for emergency injunctive relief. (ECF No. 6, *see* ECF No. 4.) Plaintiff seeks to have his disciplinary action expunged/dismissed and to be released from disciplinary segregation. (ECF No. 6 at 6.)

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The last catch-all provision should only be granted "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks omitted).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Plaintiff is not seeking to preserve the status quo. Instead, he wants his disciplinary charge expunged prior to the Court determining the merits of his due process claim. He also wants to be released from disciplinary segregation. The United States Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those related to security-a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 84-86, 89 (1987).

Plaintiff has not demonstrated that any of the reasons set forth in Rule 60(b) apply here and the Court denies his motion for reconsideration. Plaintiff has not shown mistake, newly discovered evidence, or fraud that would warrant granting his request. Moreover, courts are cautioned against intervening in the day-to-day operations of prisons, including which units prisoners are held in.

**B.    MOTION TO ADDRESS FIRST AMENDED COMPLAINT/ADD DEFENDANT**

On March 2, 2016, the Court issued a screening order allowing Plaintiff thirty (30) days in which to amend his complaint. (ECF No. 4.) On March 25, 2016, Plaintiff filed a first amended complaint. (ECF No. 7.) Prior to the Court screening his first amended complaint, Plaintiff filed a motion seeking permission to address his first amended complaint and add a defendant (John Hill). (ECF No. 8.)

Plaintiff has been previously advised that an amended complaint must be complete in itself. *See Hal Roach, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t[he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed

with prejudice, a plaintiff is not required to reallege such claims to preserve them for appeal). The Court will grant Plaintiff's motion as follows: Plaintiff is granted thirty (30) days from the date of this order to file a second amended complaint that incorporates the allegations contained in his motion (ECF No. 8). The Court will then screen his second amended complaint in due course. If Plaintiff fails to file a second amended complaint within thirty (30) days of this order, the Court will screen Plaintiff's first amended complaint (ECF No. 7). This ensures that the Court is screening a complaint that is complete in itself.

## II.    CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion for reconsideration (ECF No. 6) is denied.

It is further ordered that Plaintiff's motion to address first amended complaint/add defendant (ECF No. 8) is granted as detailed below.

It is further ordered that Plaintiff may file a second amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his complaint and motion (ECF Nos. 7, 8). If Plaintiff chooses to file a second amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that if Plaintiff fails to file a second amended complaint within thirty (30) days from the date of entry of this order, the Court will screen Plaintiff's first amended complaint (ECF No. 7).

DATED THIS 20th day of July 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE