JOSEPH MEZZONE #68519
HIGH DESERT STATE PRISON
PO BOX 650, INDIAN SPRINGS, NV. 89070

Petitioner In Pro Se

___ FILED    ___ RECEIVED
___ ENTERED   ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

NO COPY
JAN 12 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

* * * * *

JOSEPH MEZZONE,                    )   Case No. 3:15-CV-00499-MMD-WGC
                                   )
           Petitioner,             )
                                   )
    -vs-                           )   MOTION FOR
                                   )   APPOINTMENT OF COUNSEL.
STATE OF NEVADA et-al,             )   §1983 CIVIL RIGHTS
                                   )   PURSUANT TO 42 USC. §1983
           Respondents.            )

COMES NOW Petitioner, JOSEPH MEZZONE, in pro se, and moves this Court for an order appointing him counsel in and for the instant § 2254 habeas corpus proceeding.

This motion is made and based upon 18 U.S.C. § 3006A(g), 28 U.S.C. § 1915(e)(1), 28 U.S.C. § 2254(h); all papers, pleadings and documents on file herein; and the following points and authorities.

POINTS AND AUTHORITIES

I. STATEMENT OF FACTS

Petitioner is unable to afford counsel. See Application to Proceed In Forma Pauperis on file herein.

The substantive issues and procedural matters in this case are too complex for Petitioner's comprehension and abilities.

Petitioner, by reason of his incarceration, cannot investigate, take depositions, or otherwise discover evidentiary materials on his own accord.

1   Petitioner's sentence structure is ___3 to 13 years___.

2   There ___ are ✓ are not additional facts attached hereto on additional
3   page(s) to be incorporated herein.

4   Counsel could not only assist Petitioner with a much better presentation
5   of the substantive and procedural issues before this Court, e.g., merits of the
6   claims, AEDPA's § 2254(d) test, exhaustion, etc., but counsel would likewise
7   make much easier this Court's task of discerning the issues and adjudicating
8   them as upon a competent counsel's ability to present same to the Court.

9   The ends of justice would best be served in this case via the appointment
10  of counsel, as Petitioner's sentence structure, in conjunction with the
11  complexities of the legal issues herein, plead for such an appointment.

12                          II.  **ARGUMENT FOR APPOINTMENT**

13  Appointment of counsel in § 2254 cases is authorized within 18 U.S.C.
14  § 3006A(g) and 28 U.S.C. §§ 1915(e)(1); 2254(h). This Court may appoint
15  counsel where the "interests of justice" so require. <u>Jeffers v. Lewis</u>, 68 F.3d
16  295, 297-98 (9th Cir. 1995). This interest is best served when indigent
17  petitioners who are unable to "adequately present their cases" are appointed
18  counsel to do so for them. <u>Id</u>.

19  Although appointment is usually within this Court's sound discretion, a
20  handy formula for this Court's consideration is a balancing of the complexities
21  of the issues with a consideration of the severity of the petitioner's penalty.
22  <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir.), <u>cert</u>. <u>denied</u>, 481 U.S. 1023
23  (1987). Ultimately, however, absent a due process implication, this Court has
24  discretion to appoint counsel when it feels that it promotes justice in doing
25  so. <u>Id</u>. See <u>Brown v. United States</u>, 623 F.2d 54, 61 (9th Cir. 1980)(court
26  must appoint counsel where the complexities of the case are such that denial of
27  counsel would amount to denial of due process); <u>Hawkins v. Bennett</u>, 423 F.2d
28  948 (8th Cir. 1970)(counsel must be appointed where petitioner is a person of

1 such limited education as to be incapable of presenting his claims fairly).

2 . Petitioner submits that the facts above, in conjunction with these legal
3 principles, compel appointment of counsel. Indeed, the complexities of the
4 issues in relation to Petitioner's sentence, implicate the need of counsel to
5 promote not only justice, but fairness, as well. *Jeffers*, 68 F.3d at 297-98.

### III. CONCLUSION

For the reasons set forth above, this Court should appoint counsel to represent Petitioner in and for all further proceedings in this § 2254 habeas corpus action.

Dated this 9th day of JANUARY, 2017.

Respectfully submitted,

Joseph Mason #65549
JOSEPH M'ZON

Petitioner In Pro Se

///
///
///
///
///

- 3 and LAST -

# CERTIFICATE OF SERVICE

I do certify that I mailed a true and correct copy of the foregoing **APPOINTMENT OF COUNSEL §1983 CIVIL RIGHTS PURSUANT 42 USC §1983** to the below address(es) on this **9th** day of **January**, 200**17**, by placing same into the hands of prison staff for posting in the U.S. Mail, pursuant to FRCP 5(b):

1# Clerk U.S. District Court
District of Nevada
400 South Virginia Street Room # 301
Reno, Nevada 89501

Counsel for **JOSEPH MEZZONE**

(✓) check for additional addresses below

*Joseph Mezzone* 68549 #

_____Same_____ In Pro Se

ADDRESS(ES) Continued from Above: (If applicable)

2# Office of Attorney Gen. NEV.
100 N. Carson Street
Carson City, Nevada 89701-4717

3# Joseph Mezzone # 68549
High Desert State Prison
PO Box 650
Indian Springs, Nevada 89070

(Court Clerk
Please E-File to Above Addresses.
Thank You)