ADAM PAUL LAXALT
Nevada Attorney General
ERIN L. ALBRIGHT
Deputy Attorney General
Nevada Bar No. 9953
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1257
E-mail: ealbright@ag.nv.gov

*Attorneys for Defendant Ira Brannon*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　Defendants. | Case No.  3:15-cv-00499-MMD-WGC<br><br>**OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL** |

　　　　Defendant, Ira Brannon, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Erin L. Albright, Deputy Attorney General, hereby opposes Plaintiff's Motion for Appointment of Counsel (ECF No. 20).  This opposition is based on the attached Memorandum of Points and Authorities and all papers and pleadings on file in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　　STATEMENT OF THE CASE**

　　　　Plaintiff, Joseph L. Mizzoni ("Inmate Mizzoni"), is a *pro se* inmate litigant in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at High Desert State Prison in Indian Springs, Nevada.  Plaintiff filed his Civil Rights Complaint pursuant to 42 U.S.C § 1983 on March 2, 2016.  (ECF No. 5).  The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and determined that Plaintiff's Fourteenth Amendment due process claim shall proceed against Defendant Brannon.  (ECF No. 4 at 9).  On or about January 12, 2017, Plaintiff filed his Motion for Appointment of Counsel (ECF No. 20).  Defendant now files this instant opposition.

## II. LEGAL AUTHORITY

A plaintiff in a civil rights action does not have a constitutional right to court-appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Federal courts are, in limited circumstances, empowered to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. §1915(e). However, a motion for appointment of counsel is rarely granted because a district court will request counsel for an indigent civil litigant pursuant to §1915(e) only when exceptional circumstances exist. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Gorenc v. Salt River Project Agr. Imp. & Power*, 869 F.2d 503, 509 (9th Cir. 1989).

The Court in *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) set forth the standard for appointment of counsel for *in forma pauperis* litigants in civil cases when it held:

> The court may appoint counsel under section 1915(d) only under "exceptional circumstances." A finding of exceptional circumstances requires an evaluation of both "the likelihood" of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.

The difficulties which any litigant would have in proceeding pro se does not qualify as exceptional circumstances for the appointment of counsel. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff bears the burden of proving exceptional circumstances. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The district court is given considerable discretion in determining whether counsel is necessary. Therefore, appellate reversals of trial court denials of motions for appointment of counsel are rare. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 800 (9th Cir. 1986).

## III. ARGUMENT

Inmate Mizzoni fails to meet the two factor test of "exceptional circumstances" as outlined below.

### A.  Inmate Mizzoni has Failed to Demonstrate He is Likely to Succeed on the Merits of His Claims.

Before obtaining appointment of counsel, Inmate Mizzoni must meet the two factor test of "exceptional circumstances" outlined above. The first factor requires Inmate Mizzoni demonstrate the

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

likelihood of success on the merits of his claims in his Motion.  *Wood*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Wilborn*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Inmate Mizzoni has failed to meet this first factor, making no attempt in his Motion to argue that he is likely to succeed on the merits of his claims.  (ECF No.  22).

      **B.**    **Inmate Mizzoni Has Failed to Demonstrate that He is Unable to Articulate His Claims *Pro Se* in Light of the Complexity of the Legal Issues Involved.**

Moving to the second factor in the "exceptional circumstances" analysis, which requires an evaluation of Inmate Mizzoni's ability to articulate his claims in light of the complexity of the issues, he fails to demonstrate the existence of "exceptional circumstances."  While *pro se* litigants undoubtedly face challenges, this alone is insufficient reasoning for the Court to appoint counsel.  *See Wood*, 900 F.2d at 1335–36; *Wilborn*, 789 F.2d at 1331.  Ultimately, the difficulties which any inmate litigant would have in proceeding *pro se* do not qualify as exceptional circumstances for the appointment of counsel.  *See Wood*, 900 F.2d at 1335–36; *Wilborn*, 789 F.2d at 1331.  The standard is not whether a *pro se* litigant would be better able to assert his arguments with the assistance of counsel, but whether the litigant can articulate his claims considering the complexity of the matter.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), opinion restated in pertinent part, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (*en banc*).

Here, the arguments outlined by Inmate Mizzoni in his Motion are based on the difficulties associated with being an inmate and litigating *pro se*.  For example, Plaintiff argues that he is in prison and cannot investigate facts as well as outside attorneys, the issues are too complex, he is unable to afford counsel, and the ends of justice would be served by appointing counsel in this matter.  (ECF No. 20 at 1-2).  While *pro se* litigants undoubtedly face challenges, this alone is insufficient reasoning for the Court to appoint counsel.  *See Wood*, 900 F.2d at 1335–36; *Wilborn*, 789 F.2d at 1331.

Further, Inmate Mizzoni's claims do not contain complex issues.  Inmate Mizzoni alleges a Fourteenth Amendment Due Process claim against Defendant Brannon.  (ECF No. 3-4).  Inmate Mizzoni's claims against Defendant Brannon are not complex as the facts alleged in Inmate Mizzoni's amended Complaint demonstrate.  He alleges he was denied evidence and witnesses during his disciplinary hearing held on May 1, 2015, which was overseen by hearing officer Defendant Brannon

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

and that Defendant Brannon punished him for prior acts for which he was already punished. (*Id*.). These are straightforward allegations against one named Defendants that does not contain complex issues that do not rise to the level of complexity contemplated by the court when appointing counsel. *See Terrell*, 935 F.2d 1015.

As outlined above, Inmate Mizzoni, at most, has only argued that the appointment of counsel would aid him in the presentation of his case, which is not enough to satisfy Inmate Mizzoni's burden of showing that exceptional circumstances exist.

## IV.   CONCLUSION

Inmate Mizzoni has failed to demonstrate that he is likely to succeed on the merits of his claims or is unable to present his claims at trial based on the complexity of the legal issues involved. Therefore, no exceptional circumstances exist, and Defendants respectfully request that Inmate Mizzoni's Motion for the Appointment of Counsel be denied.

Dated this 26th day of January, 2017.

ADAM PAUL LAXALT
Attorney General

By: /s/ Erin L. Albright
ERIN L. ALBRIGHT
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 26th day of January, 2017, I caused to be deposited for mailing a true and correct copy of the foregoing, **OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL**, to the following:

JOSEPH L. MIZZONI #68549
HIGH DESERT STATE PRISON
P.O. BOX 650
INDIAN SPRINGS, NV 89070

_____
An employee of the
Office of the Attorney General