ADAM PAUL LAXALT
Nevada Attorney General
ERIN L. ALBRIGHT
Deputy Attorney General
Nevada Bar No. 9953
Bureau of Litigation
Public Safety Division
100 No. Carson St.
Carson City, NV  89701-4717
Tel: 775-684-1257
E-Mail: ealbright@ag.nv.gov

*Attorneys for Defendants Ira Brannon*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>                         Plaintiff,<br><br>v.<br><br>STATE OF NEVADA et al.,<br><br>                         Defendants. | Case No.  3:15-cv-00499-MMD-WGC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF No. 7)** |

Defendant, Ira Brannon, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Erin L. Albright, Deputy Attorney General, hereby answer Plaintiff's Amended Complaint (ECF No. 7) in the above-entitled action as follows.

**A.    JURISDICTION**

1.    Defendant admits Plaintiff Joseph Mizzoni (hereinafter "Mizzoni") is presently incarcerated at High Desert State Prison ("HDSP") located in Indian Springs, Nevada. Defendant denies any and all remaining allegations set forth in this paragraph.

1.[1]    Defendant denies that Christopher Smith is employed by the Nevada Department of Corrections as a Correctional Disciplinary Writeup Officer. Defendant denies any and all remaining allegations in this paragraph.

2.    Defendant admits Ira Brannon is employed by the Nevada Department of Corrections as a Correctional Lieutenant assigned to Northern Nevada Correctional Center. Defendant denies any and all remaining allegations in this paragraph.

---

[1] Mizzoni duplicated the use of the number one (1) and therefore Defendants respond accordingly for consistency.

3. No response is required as this named Defendant has been dismissed from this litigation pursuant to this court's order (ECF No. 10) filed on September 2, 2016.

4. No response is required as this named Defendant has been dismissed from this litigation pursuant to this court's order (ECF No. 10) filed on September 2, 2016.

5. No response is required as this named Defendant has been dismissed from this litigation pursuant to this court's order (ECF No. 10) filed on September 2, 2016.

6. No response is required as this named Defendant has been dismissed from this litigation pursuant to this court's order (ECF No. 10) filed on September 2, 2016.

7. Defendant admits that this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Defendant denies that jurisdiction is proper on any other basis.

**B.   NATURE OF THE CASE**

Defendant admits Mizzoni had a disciplinary hearing in May 2015. Defendant admits Mizzoni has rights under the Fourteenth Amendment. Defendant denies any and all remaining allegations on pages 3–6 of the Amended Complaint.

**C.   CAUSE OF ACTION**

**COUNT I:   DENY**

Defendant admits Mizzoni has rights under the Fourteenth Amendment of the United States Constitution. Defendant denies those rights, or any right owed to Mizzoni was violated at any time or in any manner. Defendant denies any and all remaining allegations in this paragraph.

**SUPPORTING FACTS:**

1. Defendant admits Administrative Regulation 707 sets forth the Disciplinary process. Defendant further admits Lt. Brannon was the disciplinary hearing officer at Mizzoni's disciplinary hearing in May 2015. Defendant denies any and all remaining allegations in this paragraph.

2. Defendant denies any and all allegations in this paragraph.

3. Defendant admits Mizzoni received a Notice of Charges for misconduct. Defendant further admits Mizzoni was given a disciplinary hearing. Defendant denies any and all remaining allegations in this paragraph.

/ / /

D.   **PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

1.   Defendant is without knowledge to admit or deny, and denies on that basis.

2.   Defendant is without knowledge to admit or deny, and denies on that basis.

3.   Defendant is without knowledge to admit or deny, and denies on that basis.

E.   **REQUEST FOR RELIEF**

Defendant denies Mizzoni is entitled to any of the relief sought in the Amended Complaint at pages 14–15 of the Amended Complaint.

F.   **ADDITIONAL ALLEGATIONS**

Furthermore, as to any remaining allegations contained in the Amended Complaint not specifically admitted or denied herein above, this Defendant hereby denies all such allegations.

G.   **AFFIRMATIVE DEFENSES**

Defendant also asserts the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant was not personally involved in the cause in fact and/or the proximate cause of the alleged constitutional deprivations.

**THIRD AFFIRMATIVE DEFENSE**

This action is time-barred by applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant at all relevant times acted in good faith toward Mizzoni, therefore, Defendant is entitled to qualified good faith immunity from damages.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant is entitled to qualified and absolute immunity.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times herein, Defendant acted in accordance with applicable law and prison procedures that are constitutionally required.

/ / /

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

**SEVENTH AFFIRMATIVE DEFENSE**

Mizzoni failed to state a cognizable constitutional claim under 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983.

**EIGHTH AFFIRMATIVE DEFENSE**

Mizzoni failed to mitigate damages, if any, and therefore, is barred from seeking any damages hereunder.

**NINTH AFFIRMATIVE DEFENSE**

Mizzoni was himself negligent in his conduct and such negligence is the sole, primary and superseding cause of any damages sustained by him, if any.

**TENTH AFFIRMATIVE DEFENSE**

Mizzoni's punitive damage claims are barred by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability because the acts complained of were discretionary in nature or were performed while carrying out a statute or regulation.

**TWELFTH AFFIRMATIVE DEFENSE**

At all-time relevant, Defendant held a good faith belief that he was acting reasonably and that his actions were privileged and legally justified.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Mizzoni failed to exhaust administrative remedies as required by the Prison Litigation Reform Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Mizzoni's conduct constitutes a waiver of any alleged wrongful conduct undertaken by the answering Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Mizzoni's conduct ratified any alleged wrongful conduct by the answering Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability as a matter of law.

/ / /

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend his reply to allege additional affirmative defense if subsequent discovery so warrants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The negligence of Mizzoni caused or contributed to any injuries or damages which Mizzoni may have sustained, and the negligence of this Defendant, if any, requires that the damages of Mizzoni be denied or diminished in proportion to the amount of negligence attributable to Mizzoni.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant cannot be sued for monetary damages while acting in his official capacity in a civil rights action.

**TWENTIETH AFFIRMATIVE DEFENSE**

Mizzoni is estopped from pursuing any claim against Defendant in accordance with equitable principles of jurisprudence.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The doctrines of res judicata and/or collateral estoppel bar Mizzoni from asserting the matters set forth in his Amended Complaint and also acts as a bar to any relief sought by Mizzoni.

WHEREFORE, Defendant prays for relief as follows:

1. That Mizzoni takes nothing by virtue of his Amended Complaint;
2. For attorney fees and costs of suit herein.

DATED this 9th day of February, 2017.

ADAM PAUL LAXALT
Attorney General

By: _____
ERIN L. ALBRIGHT
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendant*

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 9th day of January, 2017, I caused to be deposited for mailing a true and correct copy of the foregoing, **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF No. 7)**, to the following:

Joseph Mizzoni #68549
High Desert State Prison
PO Box 650
Indian Springs, NV 89070

                                          _/s/ Kristi Herald_
                                          An employee of the
                                          Office of the Attorney General