UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MIZZONI, ) | 3:15-cv-00499-MMD-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| ) | |
| vs. ) | March 2, 2017 |
| ) | |
| STATE OF NEVADA, et al., ) | |
| ) | |
| Defendants. ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>KATIE LYNN OGDEN</u>   REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court are Plaintiff's "Motion to Compel Discovery" (ECF No. 35), "Motion for Admissions of Defendants" (ECF No. 37) and "Motion for Interrogatories" (ECF No. 36). The signature date on each document is illegible. The motion to compel has a legible service date of February 19, 2017 (ECF No. 35 at 5) so the court will assume all of the aforementioned documents were executed on and delivered by Plaintiff to the Indian Springs mail room on that date. However, the court also notes that documents were not received and filed in at the U.S. District Court until March 1, 2017.

**Motion to Compel (ECF No. 35)**

By way of a motion, it appears Plaintiff is attempting to compel responses to discovery, i.e, a request for production of documents, which Plaintiff has not yet served. The proper approach of which Plaintiff should be aware in light of his prior civil rights litigation experience[1] would be to serve a Request for Production of Documents under Fed. R. Civ. P. 34. The court cannot compel a party to respond to discovery which has not even been served. Fed. R. Civ. P. 37. Additionally, before a motion to compel can be pursued, the moving party must be able to certify he first

---

[1] *See, Mizzoni v. Brown*, 3:07-cv-00008-BES-VPC; *Mizzoni v. State of Nevada*, 3:11-cv-00186-LRH-WGC; *Mizzoni v. Stat of Nevada*, 3:11-cv-00358-HDM-WGC; *Mizzoni v. State of Nevada,* 3:11-cv-00632-LRH-WGC; *Mizzoni v. Baker*, 3:12-cv-00321-RCJ-VPC; *Mizzoni v. Atwood*, 3:15-cv-00103-RCJ-VPC; *Mizzoni v. State of Nevada*, 3:15-cv-00313-MMD-VPC; *Mizzoni v. State of Nevada*, 3:16-cv-00043-RCJ-VPC.

MINUTES OF THE COURT
3:15-cv-00499-MMD-WGC
March 2, 2017
Page Two

undertook a good faith effort to resolve a discovery dispute. Fed. R. Civ. P. 37(a)(1); LR 26-7, which Plaintiff has not done.

      Plaintiff's Motion to Compel Discovery (ECF No. 35) is **DENIED**.

### Motion for Interrogatories (ECF No. 36)[2]

      This motion contains six interrogatories for which Plaintiff apparently is requesting the court to order responses. The proper approach for discovery would be to serve interrogatories on the opposing party under Fed. R. Civ. P. 33; a motion is unnecessary.

      The court denies Plaintiff's motion (ECF No. 36). However, to attempt to expedite this case, the court deems Plaintiff's motion (ECF No. 36) to be interrogatories in and of themselves. The service date of Plaintiff's discovery will be deemed to be March 1, 2017. Defendants' responses to these interrogatories should be served on or before March 31, 2017.

### Motion for the Admissions of Defendants (ECF No. 37)

      As with Plaintiff's motion for interrogatories, the proper procedure for seeking a party to admit the truth of certain matters for the purposes of the pending action under Fed. R. Civ. P. 36.

      The court denies Plaintiff's motion for the admissions of defendants (ECF No. 37). However, as the court did with regard to Plaintiff's motion for interrogatories, the court deems the motion for admissions to be a Request for Admissions under Fed. R. Civ. P. 37. The service date of Plaintiff's discovery will be deemed to be March 1, 2017. Defendants' responses to these interrogatories should be served on or before **March 31, 2017**.

### Explanation re Plaintiff's Motion to Compel Discovery (ECF No. 35)

      Unlike Plaintiff's motion for interrogatories (ECF No. 36) and Plaintiff's Motion for the Admissions of Defendants (ECF No. 37), each of which had specific, separate and itemized subjects, the discovery sought in No. 35 is not clear as to what it is exactly of which Plaintiff seeks production. While certain items are identified at page 2 (ECF No. 35 at 2), Plaintiff also references other topics which may be sought. The court is therefore not going to equate Plaintiff's motion (ECF No. 35) as a Rule 34 Request for Production of Documents. If Plaintiff desires to seek production of materials from the Defendants, he should pursue a separate request for production of documents under Rule 34.

---

      [2]The signature date on this document is illegible (ECF No. 36 at 4) but was presumably signed on the date ECF Doc. 35 was served, i.e., February 19, 2017.

MINUTES OF THE COURT
3:15-cv-00499-MMD-WGC
March 2, 2017
Page Three
_____

**Requirement re Discovery Motions**

Plaintiff is cautioned that before the court will entertain a discovery motion, the movant must certify compliance with LR 26-7(c), which provides as follows:

> Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

The Local Rules further define the meet and confer obligation as follows:

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

Failure to comply with the meet and confer requirements will likely result in a denial of the motion to compel.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK


By: _____/s/_____
           Deputy Clerk