1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9   JOSEPH MIZZONI,                          )        3:15-cv-00499-MMD-WGC
                                             )
           Plaintiff,                        )
10                                           )        **ORDER**
         vs.                                 )
11                                           )
    STATE OF NEVADA, *et al.*,               )
12                                           )
           Defendants.                       )
13   _____)

14

15         Before the court are two motions filed by Plaintiff: (1) Motion to Respond to Defendant

16  Brannon's Responses to Plaintiff's Request for Interrogatories [Set One] (ECF No. 45); and (2) Motion

17  to Respond to Defendant Brannon's Responses to Plaintiff's First Request for Admissions (ECF No. 46).

18  The court construes these two motions as motions to compel under Federal Rule of Civil Procedure 37.

19                                     **I. BACKGROUND**

20         Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC),

21  proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No. 7.) The

22  events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional

23  Center (NNCC). (*Id*.) On screening, the court allowed Plaintiff to proceed with due process claims

24  against Brannon and Smith.

25         Plaintiff alleges that on March 28, 2015, he was involved in an incident with Correctional Officer

26  Smith after his cell was allegedly "tore up" and Plaintiff told Smith that he quit his porter job. At that

27  point an altercation occurred between Plaintiff and Smith, and disciplinary charges resulted. (*Id*. at 3-4.)

28  Plaintiff claims that Smith wrote a false disciplinary report stating Plaintiff hit him in the temple. (*Id*.

    at 7.) The disciplinary hearing took place on May 1, 2015, and Lieutenant Brannon presided over the

1   hearing, with inmate Deyerle appearing as Plaintiff's witness. (*Id.*) Plaintiff pleaded not guilty and stated

2   that he did not hit Smith. (*Id*. at 3-4.) He requested all witnesses and video to the incident, which

3   Brannon denied (except for calling Plaintiff's cellmate Deyerle). (*Id*.) Brannon told Plaintiff there was

4   no video of the incident and that any video was for official use only. (*Id*.) Plaintiff avers that there were

5   other inmates around at the time of the incident and there is a video camera in the unit that would have

6   captured the incident, as well as a hand-held video camera used by Sergeant Roberson. (*Id*.) Brannon

7   found Plaintiff guilty of battery, and allegedly told Plaintiff he was being punished for prior incidents.

8   (*Id*.) Plaintiff was sentenced to two-years disciplinary segregation. (*Id*.)

9        Plaintiff was permitted to proceed with a due process claim against Brannon based on the

10   allegations that Brannon denied him evidence and witnesses during the disciplinary hearing, and was

11   punished for prior acts. (ECF No. 10 at 6.) He was also allowed to proceed with a due process claim

12   against Smith based on the allegation that Smith made a false disciplinary report. (*Id*.)

13        Plaintiff has filed two motions concerning responses to discovery, which the court construes as

14   motions to compel under Federal Rule of Civil Procedure 37.

15                                    **II. DISCUSSION**

16   **A. First Motion (ECF No. 45)**

17        In this motion, as best the court can tell, Plaintiff seeks to compel further responses to

18   interrogatories with respect to Brannon. He first makes reference to interrogatory 19, indicating Brannon

19   asserted an objection. (ECF No. 45 at 2.) Plaintiff states that he has a right to view video evidence that

20   is at issue in this lawsuit. (*Id*.)

21        Plaintiff next references "interrogatory request No. 1-4," which was apparently objected to on

22   the basis that it addresses C. Smith, who is not a party to this litigation. (ECF No. 45 at 3.) Plaintiff states

23   that he filed his complaint and amended complaint against C. Smith, and was allowed to proceed with

24   a due process claim against Smith and Brannon. (*Id*.) He goes on to state that he completed the USM-285

25   form with respect to C. Smith, and C. Smith was served. (*Id.*) He asks whether the Attorney General's

26   Office accepts service on behalf of C. Smith, and if so, he should provide responses to the

27   interrogatories. (*Id.*) If the Attorney General's Office is not accepting service for C. Smith, he asks to

28   be instructed as how to prosecute this case against C. Smith. (*Id*.)

1    Finally, he references interrogatories 6 and 7 which pertain to a request for video, which Plaintiff

2    maintains he has a right to view. (*Id*.)

3    **B. Second Motion (ECF No. 46)**

4    First, Plaintiff references "interrogatory request 1-10," which it appears were objected to on the

5    basis that they were addressed to C. Smith, who is not currently a party to the litigation. (ECF No. 46

6    at 2.) Plaintiff makes reference to his other motion (ECF No. 45), and the argument made as to C. Smith.

7    Second, Plaintiff appears to address a response that states that the viewing of institutional camera

8    system is a safety and security concern. (ECF No. 46 at 2.) Again, Plaintiff refers the court to the

9    argument made with respect to this issue in his other motion.

10    **C. Analysis**

11    Insofar as Plaintiff seeks to compel disclosure of the video evidence from Brannon, Plaintiff's

12    motions fail to comply with Federal Rule of Civil Procedure 37 and the Local Rules of the District of

13    Nevada. A motion to compel a discovery response "must include a certification that the movant has in

14    good faith conferred or attempted to confer with the person or party failing to make disclosure or

15    discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

16    In addition, Local Rule 26-7 requires that a motion to compel discovery "set forth in full the text

17    of the discovery originally sought and any response to it." LR 26-7(b).

18
19
20    > Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) *before* filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.
21

22    LR 26-7(c) (emphasis added). To "meet and confer" means to "communicate directly and discuss in

23    good faith the issues required under the particular rule or court order." LR IA 1-3(f). This generally

24    requires "direct dialogue and discussion in a face-to-face meeting, telephone conference, or video

25    conference;" however, in the case of an incarcerated party, the meet and confer requirement may be

26    satisfied through written communication.  LR IA 1-3(f), (1). The party filing a motion to compel "must

27    submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and

28    participants." LR IA 1-3(f)(2). "The movant must certify that, despite a sincere effort to resolve or

3

1  narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow

2  the dispute without court intervention." LR IA 1-3(f)(2). The "[f]ailure to make a good-faith effort to

3  meet and confer before filing any motion to which the requirement applies may result in denial of the

4  motion." LR IA 1-3(f)(4).

5     Plaintiff did not include a declaration with his motion certifying that he engaged in a sincere

6  effort to meet and confer with opposing counsel to resolve or narrow the disputed issues. Moreover,

7  Plaintiff's motion makes reference to several interrogatories, but does not set forth in *full* the text of each

8  discovery request and response that is at issue, so as to allow the court to adequately review the disputed

9  items. As a result, Plaintiff's motions (ECF Nos. 45, 46) are denied without prejudice.

10     If Plaintiff wishes to pursue these issues, he must engage in a meet and confer conference with

11 opposing counsel in conformity with Rule 37 and the Local Rules of the District of Nevada. If, despite

12 a sincere effort to resolve or narrow the issues, the parties are unable to resolve them, Plaintiff may

13 proceed with filing a motion to compel. Any motion must satisfy the requirements outlined above, which

14 include filing a declaration discussing the meet and confer efforts and including, verbatim, the text of

15 any discovery request and response at issue.[1]

16     Insofar as C. Smith is concerned, Plaintiff is correct that on February 9, 2017, the court directed

17 the Clerk to issue a summons for Christopher Smith and send it to the United States Marshal with the

18 under seal last known address provided by the Attorney General's Office, along with a copy of the

19 amended complaint to complete service. (ECF No. 33.) The summons was issued the same day, and was

20 returned executed showing service on C. Smith on March 22, 2017. (ECF Nos. 34, 43.) To date, Smith

21 has not made an appearance in this case by filing an answer or other responsive pleading. Under Rule

22 12(a)(1)(A)(i), he had until April 12, 2017 to do so. Since Smith has not yet appeared in the case,

23 Plaintiff cannot serve discovery on him. Nor can he compel discovery responses from him. Instead, his

24 recourse is to seek the Clerk's entry of default against him under Rule 55(a) for failing to plead or

25

26  [1] The court is not prejudging the issue, but on first blush it appears that the video evidence (which Plaintiff claims

27 has been admitted to exist) is central to this case, and Plaintiff should be permitted to review that evidence in a manner which

28 alleviates any safety and security concerns espoused in Brannon's objections.

4

otherwise defend. Before taking any action under this rule, the court encourages Plaintiff to confer with the Attorney General's Office to determine whether it will be accepting service on behalf of Smith.

## III. CONCLUSION

Plaintiff's motions (ECF Nos. 45, 46) are **DENIED WITHOUT PREJUDICE**. Plaintiff may renew the motions once he follows the steps outlined in this Order.

**IT IS HEREBY ORDERED**

DATED:  April 17, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE