1. MOTION SEEKING PERMISSION
2. HIGH DESERT STATE PRISON
3. PO BOX 650
4. INDIAN SPRINGS, NV. 89070
5. JOSEPH MEZZONI #68549
FILED ✓ / ENTERED ___ / RECEIVED ___ / SERVED ON ___
COUNSEL/PARTIES OF RECORD
MAY 0 1 2017
copy rfnd
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: KMR DEPUTY

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

10  JOSEPH MEZZONI
11         Plaintiff
12
13  VS
14
15  STATE OF NEVADA et al.,
16         DEFENDANTS,

CASE # 3:15-CV-00499-MMD-WGC

MOTION SEEKING PERMISSION TO OBTAIN BY COURT ORDER VIDEO TAPE EVIDENCE FOR THE NIGHT OF 3-28-15 IN/OUT UNITS 5,4,8,7 AT NNCC PRISON UNDER LOCAL RULE 26-7(a) FOR §1983. BETWEEN 8PM AND 9:30PM.

19  COMES NOW, Plaintiff JOSEPH MEZZONI #68549 PRO-SE
20  Respectfully request the above motion to this Court for the
21  Defendants to produce this Discovery evidence for plaintiffs
22  §1983 CIVIL COMPLAINT PURSUANT 42 USC §1983.
23
24  See; Haines v. Kerner, 404 U.S 519 (1972) (Allegations of a pro-se
25  complaint are held to less stringent standards then formal
26  pleadings drafted by ~~trained~~ laywers.).
27
28                              -1-

I.

1  STATEMENT OF FACTS IN SUPPORT I
2  (FACT 1) On the 21st day of March 2017 plaintiff followed
3  FRCP 37(a)(1) with a "REQUEST TO DEFENDANTS FOR DISCOVERY
4  CONFERENCE UNDER FRCP 37(a)(1) LETTER", and on that LETTER
5  the plaintiff requested on PAGE 2 LINE 13-28 CD RECORDING
6  on 5-1-15, and All the video on the night of Monday March 28, 2015.
7  (1) INSIDE UNIT 5 ON CAMERAS in A, B, C wings; (2) Outside back
8  door hall Unit 5; (3) Front door outside over Unit 5 front door that
9  shows court yard and front of Unit 5 enterance; (4) Front outside Fence line
10 pointing down road towards Units 7-8, that camera is in front of unit 5
11 roadway; (5) Front Outside Unit 5 Corners of A and B Wings to view
12 front of that Unit 5; (Need at times between 8PM and 9:30AM and/or
13 the escort from Unit 5 to Unit 8 times by C/Os) To show excessive
14 force/dragging victim/plaintiff from Unit 5 to 8 Units which is the
15 punishment in and outside at NNCC PRISON before plaintiff was
16 allowed a disciplenary Hearing which is punishment before due
17 process of law 14th Amend USCA:
18 Also plaintiff requested the Unit 4 at (NNCC) PRISON Video on Monday
19 Night of 3-28-15. (1) front cameras of Unit 4 under front door enterance;
20 (2) Corners of the two front Wings of Unit 4 pointing at the
21 roadway towards Unit 5 and Units 7-8 road/enterance to RMF Common
22 (Need at times between 8AM and 9:30AM to show the C/Os who
23 left to respond to Unit 5 first and the later escort from Unit 5
24 to Unit 8 by C/Os) Once again to show punishment on the spot
25 before due process of law under 14th Amed USCA; before plaintiff was
26 allowed a disciplenary Hearing by law.
27      Also on this request plaintiff requested on PAGE 3 LINE 1-7
28 of that letter Any/All

-2-

1  STATEMENT OF FACTS IN SUPPORT I    (CONTINUED)
2  Video Tape footage (1) OUTSIDE UNIT 8 the RMF INFIRMERY under
3  the Awning over hang from pill call window to Front entrance of
4  Unit 8 and any out side Camras in front of Unit 8 RMF; (2)
5  Unit 8 RMF inside first door Video camra; (3) Unit 8 RMF inside
6  waiting room Second door camra. (4) Unit 8 RMF inside third
7  entrance camra footage above office reception area. (5) Unit 8 RMF
8  inside exzamroom plantiff was in. (Need on Monday Night of (NNCC PRISON)
9  3-28-15 between times of 8PM to 9:30PM to show the C/O's who left
10  to respond to Unit 5 and the later escort from Unit 5 to Unit 8
11  by C/O's) Once again to show punishment on the spot before
12  due process of a disciplenary hearing under law of 14th Amed. USCA.
13  Before the plantiff was allowed that due process hearing of 5-1-15.
14     Also needed Any/All hand held video tape footage by C/O
15  Robertson (NDOC) at (NNCC)Prison of both camras she stated she used
16  on her reports from Unit 5 to Unit 8 inside/out those Units (Need
17  between 8PM and 9:30AM on Monday Night 3-28-15) Once
18  again to show punishment before due process, on the spot punishment
19  before a disciplenary Hearing on 5-1-15 under law of 14th Amed. USCA.
20     Also needed Any/All Video tape on Units 4,5,7,8 as requested
21  above on video tape by Lt Frank Sherman Shift Comander of opprations
22  from 8PM to 9:30PM or end of insident Night of 3-28-15. He
23  stated he saw video in his reports (playback). Plantiff ask to show
24  punishment on the spot with out due process of a Disiplenary Hearing
25  under law of 14th Amed. USCA. (Need Unit 7 (video) to show treatment to that Unit 7.)
26     See; Marquez v. Mann 192 A.D 2d 109, 600 N.Y.S. 2d 285 (3d Dept.
27  1993) (Failure of hearing officer to allow inmate to review Video tape of
28  insident in question
                         -3-

1  STATEMENT OF FACTS IN SUPPORT I         (CONTINUED)
2  at disciplinary hearing denied inmate his Constitutional right to
3  answer the evidence therefore, the record of the incident should be
4  expunged.) See; Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963,
5  41 L.Ed 2d 935 (1974) ((1) Hearing; (2) Impartial; (3) Evidence; (4) Witnesses
6  ect..) See; Northern Nevada Association of Injured Workers V.
7  Nevada State Indus. Insurance System (Nev. 1991) 807 P.2d 728, 107 Nev.
8  108; Says: "State Agencies must follow their own Rules, Failure to follow
9  a Non-Discretionary Rule Constitutes a Non-Discretionary Act". (see Also;
10 NRS 41.031 and 41.032, And 616.500(7).),
11    Where NDOC AR, OP, IP say that something has to be done, i.e. Forced
12 movements and/or Extractions must be video taped, The absence of a
13 Video, (Because it wasn't taken or because it was "lost") :(1) Violates a
14 Non-Discretionary Policy; (2) Constitutes a Non-Discretionary Act; (3)
15 Constitutes Destruction of Evidence, (spoliation).
16    See; Kimberly Bass-Davis V. Kotui Davis (Nev. 2006) 134 P. 3d 103,
17 122 Nev. 442; Says: "Destruction of Evidence that is not wilful still
18 Evidence would have been unfavorable to the Destroyer" "Destruction
19 Evidence that is willful warrants Jury Instruction for Presuption that
20 difference between an inference and a presumption is that while the
21 Jury "Must" accept a presumption as true it does not have to
22 accept an inference as true." "Where the destroyer destruction of
23 evidence violates a written policy; Said Destruction is deemed wilful."
24 NRS 41.031 says that: " The state of Nevada, its Agencies, and their
25 employees waive their immunity from being Sued in State Court for
26 Non-discretionary Acts" (see; also; NRS 41.032). Where law suit is Against
27 a (NDOC) Employee, distruction of evidence by "any" other (NDOC) is still held
28 against lawsuit party under.

-4-

## I.
## STATEMENT OF FACTS IN SUPPORT (CONTINUED)

the "Law of Agency." See; Defendants DEF EXH A-002 Witness Information. I/M Beyerle #1010262 See; 5-1-15 Discovery for requesting Video.

(FACT 2.) Plaintiff requested on PAGE 4 LINE 6-9 and LINE 11-12. ⟨1.⟩ Investigator Generals Office reports 2 weeks after 3-28-15 interviewer Officer IG Mr Moore, for reports and Affidavits ect... pretaining to there results of findings. He was denied this. Plaintiff needs this to show a jury that a investigation and reports were done and to plaintiff and those results. Its relevant.
⟨2⟩ Plaintiff requested the Carson City Nev. Sheriffs Dept Reports and findings to plaintiffs complaints to them on September 26, 2016 in detail about each Officers Assalts, Batterys, Attempt Murder, Obstruction of Justice, Perjury, Outrages government conduct, Conspricay to do so. He wants there findings for a Jury and be included $242 USC (under part to a $1983 criminal prosecution. He also was willing to do a polly graph on this complaint with a attorney present. Both reports and findings are relevant to this case.

## II.
## CONCLUSION

Wherefore; Plaintiff shows good cause why he needs and should be allowed Video Tape on 3-28-15 UNITS 4,5,7,8 AT NNCC BETWEEN 8PM and 9:30PM as said on this request breif, and those reports from Carson City Sheriff and IG Officer Moore results findings, and what they did about it. Plaintiff fully complied to FRCP 37 cann with two letters and Admissions/Integatories but the AG refuses to alow plaintiff this evidence, so plaintiff had to get court order and shows good cause why.

RESPECTFULLY this 26th day of April, 2017   -5-   BY: Joseph Miziu / Joseph Miziu #68549

III. CASE # 3:15-CV-00499-MMD-WGC

AFFIDAVIT AND CERTIFYING THE TRUTH AND PERSONAL
CONSULATATION AND SINCERE EFFORT WAS DONE TO
RESOLVE THE DISCOVERY ISSUES WITH OUT THE COURT RULE 37(a)(1).

STATE OF NEVADA )
              :ss
COUNTY OF CLARK )

(1) Plaintiff swears in support of the Motion submitted and that he did under rule 37(a)(1) try to get discovery "All" but was denied video/report by Agencies with out the Courts interference and says;

(2) Plaintiff pro-se Joseph Mizoni #68549 in support of this Motion "MOTION SEEKING PERMISSION TO OBTAIN BY COURT ORDER VIDEO TAPE EVIDENCE FOR THE NIGHT OF 3-28-15 IN/OUT UNITS 5,4,8,7. at NNCC PRISON UNDER LOCAL RULE 26-7(b) FOR §1983 BETWEEN 8PM AND 9:30PM." and to Certify that plaintiff did try to get his Discovery from the Attorney Generals Office and was denied outside this Courts jurisdiction, on a "REQUEST TO DEFENDANTS FOR DISCOVERY CONFRENCE UNDER FRCP 37(a)(1) LETTER 1 and 2" IN THE UNITED STATES DISTRICT COURT DISTRICT OF NEVADA, on his §1983 in truth under penalty of perjury §1746 USC and NRS LAWS.

RESPECTFULL SUBMITTED AND CERTIFIED    BY: Joseph Mizoni
this 26th, day of April 2017                         #68549
                                  -6-                JOSEPH MIZONI

IV

CERTIFICATE OF MAIL FOR U.S. CASE#3:15-CV-00499-MMD-WGC

I Joseph Mizzoni #68549 hereby certifies pursuant to 28 USC §1746/NRS Laws that on this 26th day of April 2017 I mailed a true correct copy of the foregoing "MOTION SEEKING PERMISSION TO OBTAIN BY COURT ORDER VIDEO TAPE EVIDENCE FOR THE NIGHT OF 3-28-15 IN/OUT UNITS 5,4,3,7 AT NNCC PRISON UNDER LOCAL RULE 26-7(b) FOR §1983 BETWEEN 8pm and 9:30pm." and by giving it to a prison guard/official at High Desert State Prison Brass Slip # 1665938 sealed and postage prepaid, and addressed to:

(1.) CLERK, U.S. DISTRICT COURT
     DISTRICT OF NEVADA
     400 S. Virginia Street Room # 301
     Reno, Nevada, 89501

(2.) Office of Attorney Gen/Nev.
     MS. ERIN L. ALBRIGHT
     100 N. CARSON STREET
     CARSON CITY, NV. 89701-4717

(3.) ADDRESS OF PLAINTIFF
     JOSEPH MIZZONI #68549
     H.D.S.P
     PO Box 650
     INDIAN SPRINGS, NV. 89070

BY: /s/ Joseph Mizzoni

Joseph Mizzoni
#68549