ADAM PAUL LAXALT
  Attorney General
ERIN L. ALBRIGHT, Bar # 9953
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1257
E-mail:  ealbright@ag.nv.gov

*Attorneys for Defendants*
*Ira Brannon and Christopher Smith*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　Defendants. | Case No.  3:15-cv-00499-MMD-WGC<br><br>**OPPOSITION TO MOTION SEEKING PERMISSION TO OBTAIN BY COURT ORDER VIDEOTAPE EVIDENCE FOR THE NIGHT OF 3-28-15 IN/OUT UNITS 5, 4, 8, 7 AT NNCC PRISON UNDER LOCAL RULE 26-7(B) FOR § 1983, BETEEN 8P AND 930 PM (SIC)**<br>**(ECF NO. 50)** |

Defendants Ira Brannon and Christopher Smith, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Erin L. Albright, Deputy Attorney General, hereby oppose Plaintiff's Motion Seeking Permission to Obtain by Court Order Videotape Evidence for the Night of 3-28-15 in/out Units 5, 4, 8, 7 at NNCC Prison Under Local Rule 26-7(b) for § 1983, Beteen 8p and 930 PM (sic) (ECF No. 50).  This opposition is based on the following Memorandum of Points and Authorities and all papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, Joseph L. Mizzoni ("Inmate Mizzoni"), seeks to obtain video tape footage taken on March 28, 2015 of housing units 4, 5, 7 and 8 at Northern Nevada Correctional Center between 8:00 p.m. and 9:30 p.m.  During discovery, Inmate Mizzoni asked Defendant Brannon in an interrogatory whether the video cameras were working inside and outside housing units 4, 5, 7 and 8.  (Exh. A).  He also asked whether inmates were allowed to review such evidence.  (*Id*.)  Defendant Brannon responded that to the

1 best of his knowledge on March 28, 2015 the institutional camera system was working in housing unit 5, outside housing unit 4, outside housing unit 7 and outside housing unit 8. (*Id.*) He also responded that the policy of the institution does not allow inmates to review any video taken from the institutional camera system due to safety and security concerns. (*Id.*) Thus, Inmate Mizzoni's "Motion Seeking Permission to Obtain by Court Order Video Tape Evidence for the Night of 3-28-15 in/out Units 5, 4, 8, 7 at NNCC Prison Under Local Rule 26-7(b), for § 1983, Beteen 8 PM and 930 PM" (ECF No. 50) is really a motion to compel discovery.

A motion to compel discovery brought pursuant to FED. R. CIV. P. 37(a) cannot be brought until a party fails to make a disclosure required by FED. R. CIV. P. 26(a). FED. R. CIV. P. 37(a)(3)(A). The disclosures required by FED. R. CIV. P. 26(a) are required to be made at or within fourteen (14) days of the FED. R. CIV. P. 26(f) meet and confer conference. FED. R. CIV. P. 26(a)(1)(C). A party may not seek discovery from any source before the parties have met and conferred as required by FED. R. CIV. P. 26(f). To confer requires "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev., 1996). Rules requiring meet-and-confer efforts apply to pro se litigants. *Rogers v. Giurbino*, 288 F.R.D. 469, 477 (S.D. Cal. 2012), citing *Madsen v. Risenhoover,* 2012 WL 2873836, at *3, 2012 U.S. Dist. LEXIS 90810, at *8–9 (N.D. Cal. June 28, 2012) (finding that the meet-and-confer requirement applies to incarcerated individuals, but noting that the incarcerated plaintiff may send a letter to defendants).

Further, any motion seeking to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). The Local Rules have a similar requirement, providing that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." LR 26-7(b).

Here, Inmate Mizzoni made no effort prior to filing his motion to compel, to meet and confer with counsel for Defendants regarding the discovery he now seeks to compel. Since the parties have not met and conferred pursuant to FED. R. CIV. P. 26(f), Defendants have not failed to make a disclosure

pursuant to FED. R. CIV. P. 26(f).  As the Defendants have not failed to make a disclosure pursuant to FED. R. CIV. P. 26(f), Plaintiff's motion to compel is premature and should be denied.

Furthermore, both the federal and the local rule require the movant to include a certification that he has in good faith conferred or attempted to confer with the Defendants in an attempt to resolve the matter prior to filing a motion to compel.  *See* FED. R. CIV. P. 37(a)(1), LR 26-7(b).  A review of Plaintiff's motion, demonstrates that he did not include a certification that he has in good faith conferred or attempted to confer with the Defendants in an attempt to obtain the information requested. Thus, Plaintiff's motion to compel should be denied.

I. **CONCLUSION**

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion to Compel Discovery.

Dated this 30th day of May, 2017.

                                            ADAM PAUL LAXALT
                                            Attorney General

                                            By: _____
                                                 ERIN L. ALBRIGHT
                                                 Deputy Attorney General
                                                 Bureau of Litigation
                                                 Public Safety Division

                                            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 30th day of May, 2017, I caused to be deposited for mailing a true and correct copy of the foregoing, **OPPOSITION TO MOTION SEEKING PERMISSION TO OBTAIN BY COURT ORDER VIDEOTAPE EVIDENCE FOR THE NIGHT OF 3-28-15 IN/OUT UNITS 5,4,8,7 AT NNCC PRISON UNDER LOCAL RULE 26-7(B) FOR § 1983, BETEEN 8P 930 PM (SIC)**, to the following:

Joseph L. Mizzoni #68549
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

_____
An employee of the
Office of the Attorney General