MOTION TO RESPOND AND OPPOSE

1. HIGH DESERT STATE PRISON
2. PO BOX 650
3. INDIAN SPRINGS, NV. 89070
4. JOSEPH MIZZONI #68549

FILED / ENTERED / RECEIVED / SERVED ON COUNSEL/PARTIES OF RECORD
JUN 23 2017
Copy Returned
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MIZZONI | CASE # 3:15-CV-00499-MMD-WGC |
| Plantiff | |
| | MOTION TO RESPOND AND OPPOSE |
| vs. | DEFENDANTS DEFAULT JUDGMENT |
| | REVERSED BY THIS COURTS |
| STATE OF NEVADA ex. | GRANTING IT 6-15-17 |
| C/O C. SMITH/BRANNON, | |
| Defendants | |

COMES NOW, Plantiff Joseph Mizzoni #68549 PRO-SE Respectfully ask to Respond and Oppose on the above motion on his §1983 Civil Rights Complaint PURSUANT TO 42 U.S.C. §1983.

See; Haines v. Kerner, 404 U.S. 519 (1972)(Allegations of a pro-se Complaint are held to less stringent standards than formal pleadings drafted by lawyers).

-1-

## STATEMENT OF FACTS IN SUPPORT I

1. (FACT 1) Plaintiff filed his First Amendment Complaint §1983 on the 20, day of March, 2016.

2. (FACT 2.) On the 2 day of September, 2016 this Court filed a (Doc#10) "Order" stating on (PAGE 6 LINE 8-10) The Court finds that Plaintiff has stated colorable due process claims against Defendants Brannon and C. Smith. As the Court recognized in its first screening order (ECF No 4.), Plaintiff has state a colorable claim against Defendant Brannon. And on (PAGE 6 LINE 15-25) Plaintiff alleges that Smith made a false disciplinary report. An Inmate can state a cognizable claim arising from a false disciplinary report ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪ if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due processes in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). See; Moore v. Gipson, Case No. 1:13-cv-01820-BAM, 2014 WL 6893885, *10 (E.D. Cal. Dec. 8, 2014.) Plaintiff alleges that C. Smith wrote a false report that resulted in disciplinary hearing in which he did not receive due process. Plaintiff may proceed on his Fourteenth Amendment due process claim against Defendants Brannon and Smith.

   And on (PAGE 7 LINE 27-28) It is further ordered that Plaintiffs 14th Amend. due process claim will proceed against Defendants Smith and Brannon.

   See; Plaintiffs §1983 Complaint filed the 20 day of March 2016. to show due process violations and cured defences.

3. (FACT 3.) Defendants Attorney Ms. Erin L. Albright files a "<u>LIMITED NOTICE OF APPEARANCE</u>" dated the 23rd day of September, on behalf of, "ONLY," Defendant Ira Brannon. Not C. Smith for service, and did not participate in the mediation phase of litigation.

-2-

STATEMENT OF FACTS IN SUPPORT I         (continued)

1. (FACT 4.) On the 12 day of December, 2016 a "ORDER" was filed by
2. the court (Doc #18), and on (PAGE 2 LINE 10-22) 4. The Clerk of the Court
3. Shall electronically "SERVE" a copy of this order and a copy of Plantiffs
4. First amended complaint (ECF NO 7) on the Office of the Attorney General of the
5. state of Nevada, attention Kat Howe. 5. Subject to the findings of the
6. screening order (ECF NO 10.), within twenty-one (21) days of the date of
7. entry of this order, the Attorney General's Office shall file a notice advising
8. the Court and Plantiff of: (a) the names of the defendants for whom it
9. accepts service; (b) the names of the defendants for whome it does NOT
10. accept service, and (c) the names of the defendants for whom it is filing the
11. last-known-address information under seal. As to any of the named defendants
12. for whom the Attorney General's Office cannot accept service, the Office shall
13. file, under seal, but shall not serve the inmate Plantiff the last known
14. address(es) of those defendants(s) for whom it has such information. If the last
15. known address of defendants(s) is post office box, the Attorney General's Office
16. shall attempt to obtain and provide the last known physical address(es).
17.  And on (PAGE 3 LINE 1-3) 7. If the Attorney General accepts service of process
18. for any named Defendants(s), such Defendants(s) shall file and serve an answer or
19. other response to the complaint within sixty (60) days from the date of
20. order.  The Attorney General did "ONLY" accept service for Ira Brannon
21. on her "NOTICE OF ACCEPTANCE OF SERVICE" dated the 30 day of
22. December, 2016. Stating she is going by (ECF No 18) filed December 12, 2016.
23. She did not accept service for Defendant C. Smith and she had (21) DAYS
24. to do so or under (ECF No 18) she was to go by (b) and (c) of that
25. order and she did not within that (21) DAY Dead line, nor a time extention
26. to do so on Defendant C. Smith. See; (b) and (c) Above. She waited until Febuary 9, 2017
27. to do it. See; "NOTICE OF UNDER SEAL SUBMISSION OF DEFENDANT CHRISTOPHER SMITHS
28. LAST KNOWN ADDRESS" and      -3-

I.

STATEMENT OF FACTS IN SUPPORT I (CONTINUED)

1. "DEFENDANTS ANSWER TO PLAINTIFFS AMENDED COMPLAINT (ECF NO.7)"
2. dated the 9, day of Febuary, 2017, On this motion the (AG) for Defendants
3. states on (PAGE 1 LINE 22-24) 1. Defendant denies that Christopher Smith
4. is employed by (NDOC) as a Correctional Disciplinary Writeup Officer. Defendant
5. Bronson denies any and all remaining allegations in this paragraph. This is
6. a untrue statement C. Smith wrote the Disciplenary.
7. Then on (PAGE 2 LINE 1-9) 3. No response is required as this Defendant has
8. been dismissed from this litigation pursuant to this Courts order (ECF No.10)
9. Filed September 2, 2016. This is not true he is a defendant. 4. No response
10. is required as this named Defendant has been dismissed from litigation
11. pursuant to this court's order (ECF No 10) Filed September 2, 2016. This is not true
12. and numbers 5. 6. and 7. are also not true on C. Smith he is a defendant. See;
13. (ECF No 10)(PAGE 6 LINE 8-10), (PAGE 7 LINE 27-28). The attorney general
14. never filed a answer for Defendant C. Smith because of the above Motion says.
15.
16. (FACT 5) On the 9, day of January, 2017 Plaintiff filed a "MOTION TO RESPOND
17. TO DEFENDANTS NOTICE OF ACCEPTANCE OF SERVICE," which on (PAGE 2 LINE 6-21)
18. Plaintiff explains that Defendant C. Smith did not get service accepted by the
19. Attorney General Ms. Albright, and plaintiff ask for a known address to
20. serve C. Smith under FRCP 4(i), and forms for the US Marshals Service so he
21. could give service and complete it.
22.
23. (FACT 6.) On the 26th, day of January, 2017 the Attorney General Ms. Albright
24. filed a "OPPSITION TO MOTION TO RESPOND TO DEFENDANT'S NOTICE OF
25. ACCEPTANCE OF SERVICE," and on (PAGE 1 LINE 21-28 TO PAGE 2 LINE 1-6)
26. states for plaintiff to cure deficiencies to his complaint on a First Amended
27. Complaint. Plaintiff did this and his complaint against C. Smith was granted
28. as a Defendant. See;

-4-

STATEMENT OF FACT IN SUPPORT I (CONTINUED)

1. (ECF No. 10)(PAGE 6 LINE 8-10), (PAGE 7 LINE 21-28). Then the Defendants
2. Attorney General goes on to say on (PAGE 2 LINE 7-28) II ARGUMENT.
3. Here, this Court dismissed C. Smith without prejudice after reviewing
4. Inmate Mizzoni's initial complaint. (Id. at 9). This Court provided Inmate
5. Mizzoni the opportunity to amend his complaint to include allegations
6. that C. Smith personally participated in the disciplinary proceeding. (Id. at 7).
7. Inmate Mizzoni failed to allege that C. Smith personally participated in the
8. disciplinary hearing. Since Inmate Mizzoni failed to cure the deficiencies
9. against C. Smith, C. Smith is still dismissed from this instant action.
10. III. CONCLUSION Since C. Smith has been dismissed from this instant action,
11. Defendant respectfully request this Court deny Inmate Mizzoni's Motion
12. to Respond to Defendant's Notice of Acceptance of Service. She uses the
13. word Defendant respectfully request this Court deny Inmate Mizzoni's Motion
14. to Respond to Defendant's Notice of Acceptance of Service meaning C. Smith
15. is responding to deny Service. She states he's not even a defendant and
16. her and his whole argument is moot because they are defendants. See; (ECF No 10)
17. (PAGE 6 LINE 8-10), (PAGE 7 LINE 21-28).
18.
19. (FACT 7.) On January 31, 2017 "ORDER"(DOCUMENT 25) (PAGE 1 LINE 21-23)
20. It states: The Court allowed a claim to proceed against Defendant Smith for
21. making a false disciplinary report. (ECF No 10 at 6.)
22.
23. (FACT 8.) On January 30, 2017 "MINUTE ORDER IN CHAMBERS" (PAGE 1
24. LINE 3-7) Plaintiff seeks clarification of Defendant's Notice of Acceptance of Service
25. (ECF No 19) as the Attorney General's Office only accepted service on behalf of
26. Defendant Brannon, and did not include Defendant C. Smith. In Defendant Brannon's
27. opposition (ECF No. 23), the Deputy Attorney General states that the Court's screening
28. order dismissed C. Smith

-5-

STATEMENT OF FACTS IN SUPPORT I                    (CONTINUED)

1. without prejudice and with leave to amend (Id at 2.). Goes on (PAGE 1
2. LINE 8-15 to PAGE 2 LINE 1-10) stating plaintiff was allowed to
3. proceed (ECF No. 10). Then on (PAGE 2 LINE 11-17) IT IS HEREBY ORDERED
4. that Plaintiff's Motion to Respond to defendant's Notice of Acceptance of
5. Service (ECF No. 21) is GRANTED. The Attorney Generals Office shall advise the
6. Court within (10) days of the date of the entry of this Order whether it
7. will accept service on behalf of Defendant C. Smith. IF the Attorney Generals
8. Office ~~~~~~~~ cannot accept service, the Office shall file, under seal, but
9. shall not serve the plaintiff, the last known address of Defendants Smith.
10. IF the last known address of the Defendant is a post office box, the Attorney
11. Generals Office shall attempt to obtain and provide the last known physical address.
12.    Here the Defendant is getting (2) bites of the apple to accept service. See;
13. (PAGE 3 LINE 1-28) December 12, 2016 ORDER in which the Defendant had
14. (21) Days to do this, and she refused to. Under (FACT 4) of this Motion.
15.    On February 9, 2017 she filed her only "DEFENDANTS ANSWER TO
16. PLAINTIFFS AMENDED COMPLAINT (ECF No. 7) and her " NOTICE OF UNDER
17. SEAL SUBMISSION OF ~~~~~~~~ DEFENDANT CHRISTOPHER SMITHS
18. LAST KNOWN ADDRESS". She continued to deny C. Smith as a Defendant
19. on her "DEFENDANTS ANSWER TO PLAINTIFFS AMENDED COMPLAINT (ECF No. 7)
20. (PAGE 1 LINE 22-23) and (PAGE 2 LINE 1-10), even after she was instructed
21. on the January 30, 2017 ORDER that the Defendant C. Smith is a Defendant.
22.    So she then files her Under Seal Address Motion and does not accept
23. service for C. Smith. Service should of been accepted here if the State was
24. going to accept service, they did not.
25.
26. (FACT 9) February 9, 2017 MINUTES OF THE COURT (Doc # 33)(PAGE 1
27. LINE 1-4) The Office of the Attorney General did not accept service of process
28. on behalf of Defendant

-6-

STATEMENT OF FACTS IN SUPPORT I                                    (CONTINUED)

1. Christopher Smith who is no longer an employee of the (NDOC)(ECF.No.28).
2. However, the Attorney General has filed the last known address of this
3. Defendant under seal (ECF.No.27). The Attorney General knew at this
4. time where the Defendant lived and his last known address, she could
5. of took service for him, and he was a employee at the time of 3-28-15
6. incident and the 4-1-15 Diciplinary Hearing for (NDOC) so she should
7. of took service. The Attorney General Ms Albright stated C. Smith didn't
8. know to contact the AG office for service after the USM Sewered him
9. at the June 15, 2017 Phone meeting with the Court. How come she didn't
10. contact C. Smith and take service at that time knowing his address and
11. whereabouts? Plantiff followed the ORDER for service through the
12. US Marshals.
13.
14. (FACT 10) Plantiff served Defendent C. Smith on Febuary 14, 2017, and the
15. U.S. Marshals completed service on March 22, 2017 Under Seal.
16.
17. (FACT 11.) Plantiff received a "SCHEDULING ORDER FOR CIVIL RIGHTS
18. ACTIONS FILED BY INCARCERATED PRO-SE PLAINTIFF'S (doc # 31)
19. date Febuary 9, 2017. On this Order (PAGE 1 LINE 19-24) IT IS HEREBY
20. ORDERED: 1. Any and all pleadings that may be brought under Fed.R.Civ
21. P. 13 & 14, or joining additional parties under Fed.R.Civ.P. 19 & 20, shall be
22. filed within (60) days from the date of this Order, which is April 10, 2017.
23. Any party causing additional parties to be joined or brought into
24. this action shall contemporaneously therewith serve a copy of this ORDER
25. upon the new party or parties. The Attorney General Ms Albright did
26. not include any new parties (C. Smith) as a Defendant with service of a
27. plead, Defense, or Answer to comply to the above Rules, and FRCP 55(a) and
28. FRCP 12(a). DEFAULT 12(a)(1)(A)(i).

-7-

I

STATEMENT OF FACTS IN SUPPORT I                    (Continued)

1. (FACT 12.) Plaintiff filed his "REQUEST TO DEFENDANTS FOR DISCOVERY
2. CONFERENCE UNDER FRCP 37(a)(1) LETTER" dated the 21 day of
3. March, 2017 (Doc # 44-1), on both Defendants Brannon/Smith.
4.
5. (FACT 13) Plaintiff filed Admissions and Interrogatories and Motion to
6. Compel Discovery on the 23, day of February, 2017.
7.
8. (FACT 14.) Defendants file a "DEFENDANT BRANNON'S RESPONSE TO
9. PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS [set one]"
10. dated the 11 day of April, 2017.
11.
12. (FACT 15.) Defendants file a "DEFENDANT BRANNON'S RESPONSES TO
13. PLAINTIFFS REQUEST FOR INTERROGATORIES [set one]" and on (PAGE 2
14. LINE 28) state: Interrogatory Request No. 1-4 are addressed to C. Smith
15. who is not currently a party to this litigation. Also: filed was
16. "DEFENDANT BRANNON'S RESPONSES TO PLAINTIFFS FIRST REQUEST
17. FOR ADMISSIONS" and on (PAGE 2 LINE 28) " Interrogatory Request No. 1-10
18. are addressed to C. Smith who is not currently a party to this litigation.
19. Both dated the 31, day of March, 2017. Once again the Attorney General
20. Ms Albright has not took service on C. Smith and is in violation of the
21. Discovery Rules of adding a party in the April 10, 2017 time deadline allowed
22. Fed R Civ P 19 & 20 and Fed R. Civ. P 13 & 14.
23.
24. (FACT 16) "ORDER" dated April 17, 2017 (Doc # 47) (PAGE 2 LINE 21-28)
25. states: Plaintiff next references "interrogatory request No 1-4" which was apparently
26. objected to on the basis that it addresses C. Smith who is not a party to this
27. litigation. (ECF No. 45 at 3) Plaintiff states that he filed his complaint and amended
28. complaint against C. Smith,

-8-

# I.

## STATEMENT OF FACTS IN SUPPORT I (continued)

1. and was allowed to proceed with a due process claim against Smith
2. and Brennan.(Id.) He goes on to state that he completed the USM-285
3. form with respect to C. Smith, and C. Smith was served.(Id.) He asks
4. whether the Attorney Generals Office accepts service on behalf of C. Smith,
5. and if so, he should provide responses to the interrogatories.(Id.) IF the
6. Attorney Generals Office is (contenues to PAGE 3 LINE 1-2) not accepting
7. service for C. Smith, he asks to be instructed as how to prosecute this case
8. against C. Smith (Id.) And on (PAGE 4 LINE 20-28) TO (PAGE 5 LINE 1-5)
9. States: Insofar as C. Smith is concerned, Plaintiff is correct that on Febuary 9, 2017,
10. the Court directed the Clerk to issue a summons for Christopher Smith and send
11. it to the U.S. Marshal with the under seal last known address provided by the Attorney
12. Generals Office, along with a copy of the amended complaint to complete service.
13. (ECF No. 33.) The summons was issued the same day, and was returned executed
14. showing service on C. Smith on March 22, 2017. (ECF No. 34, 43.) To date, Smith
15. has not made an appearance in the case by filing an answer or other responsive
16. pleading. Under Rule 12(a)(1)(A)(i), he had until April 12, 2017 to do so.
17. Since Smith has not yet appeared in the case, Plaintiff cannot serve discovery
18. on him. Nor can he compel discovery responses from him. Instead, his recourse
19. is to seek the Clerks entry of default against him under Rule 55(a) for failing to
20. plead or otherwise defend. Before taking any action under this rule, the Court
21. encourages Plaintiff to confer with the Attorney Generals Office to determine
22. whether it will be accepting service on behalf of Smith.
23.
24. (FACT 17.) Before plaintiff could follow the (Doc# 47) "ORDER" DATED 4-17-17
25. directions, the Attorney Generals Office Filed a "SUPPLEMENT NOTICE OF
26. ACCEPTANCE OF SERVICE" for C. Smith, dated April 19, 2017. Plaintiff Filed a
27. "MOTION TO RESPOND TO DEFENDANT SUPPLEMENTAL NOTICE OF ACCEPTANCE
28. OF SERVICE" AND "FILE

-9-

STATEMENT OF FACTS IN SUPPORT I                    (Continued)

1. A DEFALT OF JUDGMENT UNDER Rule 55(a) for FAILING TO PLEAD OR
2. OTHERWISE DEFEND ON C. SMITH"/AND RESPONDING TO JUDGES 4-17-17
3. ORDER" dated the 23, day of April, 2017. This Motion explains every thing
4. that lead up to the Attorney Generals "Supplement Notice of Acceptance of Service."
*5. See; Document #54 "ORDER" Filed 5-16-17 Page 1 of 3, and on (PAGE 2 LINE 18-
6. 25) to (PAGE 3 LINE 1-8) it stats: On March 29, 2017, the U.S. Marshal's
7. filed the return of the summons indicating that service of process was
8. completed as to Defendant Smith on March 22, 2017, (ECF No. 43.)
9.     Although the Attorney Generals Office Filed a Supplemental Notice of Acceptance
10. of Service (ECF No. 48) on April 19, 2017, indicating it would accept service on
11. behalf of Defendant Smith, an answer or other response to Plaintiff's amended
12. complaint has never been filed on behalf of this Defendant as is required
13. by Fed. Rules. Civ. Procedure 12(a).
14.    Plaintiffs Motion to Respond to Defendant Supplement Notice of Acceptance
15. of Service and File a Default of Judgment under Rule 55(a) for Failing to
16. Plead or Otherwise Defend on C. Smith (ECF No. 51) is GRANTED to the extent
17. Plaintiff seeks to have a default entered against Defendant Smith.
18.    In accordance with Federal Rule Civ. P. 55(b), Plaintiff must make a
19. separate application for entry of a Default Judgment against Defendant Smith.
20. To the extent Plaintiffs motion seeks to have a default judgment entered as to
21. Defendant Smith, Plaintiff's motion is denied. Dated and Signed May 16, 2017.
22.
23. (FACT 18.) The Attorney Generals Office Files Four (4) MOTIONS after the Courts
24. above ruling on Doc #54 ORDER. The First Motion was "MOTION FOR ENLARGEMENT
25. OF TIME TO RESPOND TO PLAINTIFFS' "MOTION TO RESPOND TO DEFENDANT
26. SUPPLEMENTAL NOTICE OF ACCEPTANCE OF SERVICE'/AND 'FILE A DEFALT OF
27. JUDGMENT UNDER RULE 55 A FOR FAILING TO PLEAD OR OTHERWISE DEFEND
28. ON C. SMITH'/AND

-10-

STATEMENT OF FACTS IN SUPPORT I (continued)

1. RESPONDING TO JUDGES 4-17-17 ORDER" (SIC) (ECF NO.51)"; The Second
2. Motion is "MOTION FOR ENLARGEMENT OF TIME TO FILE CORRECTIONAL
3. OFFICER SMITH'S ANSWER TO PLAINTIFF'S COMPLAINT"; The third motion
4. is "DEFENDANT CORRECTIONAL OFFICER SMITH'S JOINDER TO DEFENDANTS
5. ANSWER", and the Fourth Motion is "MOTION FOR ENLARGEMENT OF TIME TO
6. RESPOND TO PLAINTIFFS MOTION SEEKING PERMISSION TO OBTAIN
7. BY COURT ORDER VIDEO TAPE EVIDENCE FOR THE NIGHT OF 3-28-15
8. IN/OUT UNITS 5,4,8,7 AT NNCC PRISON UNDER LOCAL RULE 26-7(B)
9. FOR §1983, BETWEEN(SIC) 8PM AND 9PM (ECF No.50)" all dated
10. the 17 day of May, 2017. These motions are illegal any ways, this Court
11. already made it decision on (ECF NO.50) and (ECF NO 51) on the
12. Document 54 ORDER dated 5-16-17 and Granted plaintiff Default Judgment
13. under Rule 55(a) and 55(b) to prosue the Default to the Court Clerk. The Attorney
14. General had no grounds to file any of these (4) motions, they should be "STRICKEN" from
15. the record, and never of be heard or a reverse of Default for her. Plaintiff
16. also wants to state Plaintiff was ordered on April 17, 2017 (DOC#47) ORDER 4-17-17
17. to contact the Attorney General before he filed a Default, and instead the Attorney
18. General "got wheen" of this "ORDER" and file a premateure Motion ahead
19. of Plaintiff accepting service on C.Smith, which Plaintiff shold of got the
20. first and last response on that "SUPPLEMENT NOTICE OF ACCEPTANCE OF
21. SERVICE" dated 4-19-17, and he didn't which makes he motions moot. She got 3 Bites
22. of the apple, and won on 6-15-17, against all "ORDERS, MOTIONS" AND "FRCP RULES". its been decided.
23. (FACT 19.) On May 18, 2017 this Court filed a "MINUTES OF THE COURT (DOC# 61)
24. front page states in Pharigraph two(2): In view of the Courts order-(ECF No.64)
25. granting plaintiffs motion and a default being entered as to Defendant Smith (ECF No.59),
26. Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Motion to Respond
27. to Defendant Supplemental Notice of Acceptance of Service (ECF No.56) is DENIED as
28. moot. Defendants may seek relief

-11-


STATEMENT OF FACT IN SUPPORT I (continued)

1. under Fed. R. Civ. P. 55(c). Here it shows the Attorney General's Office
2. was DENIED all those Motions filed May 17, 2017 the very next day
3. on this ORDER, so once again its moot.
4.
5. (FACT 20.) On May 18, 2017 another "ORDER" was filed on (Doc# 60) Page 1 of 1 ~~
6. ~~stating the Defendants Motion for Enlargement of Time to Respond to Plaintiffs~~
7. ~~Motion Seeking Permission to Obtain by Court Order Video Tape Evidence~~
8. ~~(ECF No.56) is GRANTED. Here this shows "the only" Motion granted~~  [PLEASE VOID]
9. ~~for the June 15, 2017 Court Hearing by telephonic Conference, not the other~~
10. ~~Motions filed on May 17, 2017. Those motions are moot. The Attorney~~
11. ~~General was instructed by the May 16, 2017 "MINUTES OF THE COURT (DOC#61)~~
12. ~~to seek relief under Federal Rule Civ. P. 55(c) and the Attorney General~~
13. ~~did not do so under that Rule 55(c) so the Defendant C. Smith is in Default.~~
14. ~~Its been past her time to respond by Rule 55(c) by past (3) weeks and more~~
15. ~~to date and Plaintiff request his Default and Relief under his "APPLICATION~~
16. ~~FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANT C(ROSS) SMITH~~ [STATE OF NEVADA]
17. ~~UNDER FRCP RULE 55(a) and 55(b)"/ To "Court CLERK" dated the 23 day of~~
18. ~~May, 2017.~~
19.
20. (FACT 21) On May 19, 2017 a "MINUTES OF THE COURT"/"ORDER" [A]
21. (Doc # 62) states: In view of the courts order (ECF No.54) granting Plaintiffs
22. motion and a default being entered as to Defendant Smith (ECF No.59), Defendants
23. Motion for Enlargement of Time to File Correctional Officer Smith's Answer to
24. Plaintiffs Complaint (ECF No.57) is DENIED as moot. This shows the AG's Motions
25. to Answer Complaint is Denied as moot, so she had not one argument to
26. be awarded reverse Default of Judgment at the June 15, 2017 hearing, its all moot
27. and denied. See (FACT 21 B) next Page.
28.

-12-

I.

STATEMENT OF FACTS IN SUPPORT I                    (Continued)

1. (FACT 21-B) See; Benny v. Pipes 799 F.2d 499 (1986)
2. OVERVIEW: Plaintiff prisoner filed suit action against defendant prison
3. guards under 42 USCS § 1983. Other prisoners who were convicted felons
4. served Summons & Complaints. Defendants failed to answer and the district
5. Court eventually entered Default judgments against them, refused to set
6. aside defaults, and awarded plaintiff damages. The Court held on appeal
7. that defendants actions were insufficient to constitute a general appearance and
8. turned to defendants substantive argument that service was invalided because
9. the process servers were then incarcerated felons. The Court held that the
10. Fed. R. Civ. P. 4 meant precisely what it said and that any person over 18
11. who was not a party to suit could have served the Summons & Complaint. The
12. District Court was, therefore, correct to conclude that it had personal
13. jurisdiction over plaintiffs complaint against the guards. The Court further
14. held that the defendants failure to answer was culpable and the
15. district Court was, correct to refuse to vacate the default judgment. The
16. Court finally held that plaintiff had stated a valid claim and the
17. district Court was correct to award Damages against defendants.
18.
19. Plaintiff filed for damages and Default Rule 55(a)(b). The defendants
20. work load, secretaries, staff is not a defense to answering a Complaint
21. per FRCP 4(i). They clearly Defaulted and C. Smiths not even a party
22. but the AG wants to make him one now and its illegal.
23.
24.
25.
26.
27.
28.

(12-A)

STATEMENT OF FACT IN SUPPORT I. (CONTINUED)

1. (FACT 22) On 6-8-17 the Attorney General Ms. Albright files another
2. Motion for "MOTION FOR ENLARGEMENT OF TIME TO FILE DISPOSITIVE
3. MOTIONS" and on this motion the Attorney General states on (PAGE 1 LINE 23-26)
4. On May 16, 2017, a default was entered against Defendant Correctional Officer
5. Smith. (ECF No. 54).
6. On May 30, 2017, Defendants filed a Motion to Set Aside Entry of Default.
7. (ECF No. 65). A hearing on this motion is scheduled for June 15, 2017.
8. This has been decided on (Doc #60), (Doc #61), (Doc #54), (Doc #51). The AG
9. filed the same exact Motions on May 17, 2017 and was denied on
10. all motions to file a answer on C. Smith, a enlargement of time to
11. do so, and respond to Default of Judgment Rule 55, ect.. See; (FACT 18)
12. (PAGE 10 LINE 23-28) to (PAGE 11 LINE 1-22) of this Motion to oppose.
13. She uses a excuse of The undersigned acknowledges that ultimately the
14. responsability lies with her and she has taken steps to ensure that
15. calendaring mishaps do not occur in the future (PAGE 3 LINE 11-13) on her
16. Motion to Set aside Entry of Default dated 5-30-17. And on (PAGE 2 LINE 10-
17. 28) B. Calendaring Issues. The Office of the Attorney General for the State of
18. Nevada has had some support staffing issues in the Bureau of Litigation's
19. Carson City office (Exh. A.) Due to these support staffing issues, the undersigned
20. and her caseload have been assigned to four (4) different legal assistants
21. ~~_____~~ in the past four (4) months (Id) In the Bureau of Litigation's
22. Carson City office, the legal assistantants have the intitial responsability for
23. recieving filed papers and pleadings and calendaring the date for a responsive
24. paper or pleading. (Id.)
25.    Because of the support staffing issues in the Bureau of Litigation's Carson
26. City office, the following responsive papers and pleadings were not calendared on the
27. undersigned's calender; an Answer for Defendant Christopher Smith, an opposition to
28. "Motion to Respond to Defendant

-13-

STATEMENT OF FACTS IN SUPPORT I                                (Continued)

1. Supplement Notice Acceptance of Service/and File a Default of Judgment
2. Under Rule 55(a) for Failing to Plead or Otherwise Defend on C. Smith/ AND
3. Responding to Judges 4-17-17 ORDER" (sic), and on opposition to "Motion
4. Seeking Permission to Obtain by Court Order Video Tape Evidence for the Night
5. of 3-28-15 in/out Units 5, 4, 8, 7 at NNCC Prison Under Local Rule 26-7(b),
6. for §1983, Between 8p, and 9:30 pm"(sic)(Id)

    The staffing issues are being resolved with the hiring of new secretaries and
supervising secretaries. (Id.) Also, new procedures are being put into place for
additional layer of oversight as to calendaring by secretaries that are
specifically designed to address the errors that occurred in this matter (Id)

    This is "not" a defense to answering per Fed Rule C.P. on Motions or
Orders by this Court. There here the Attorney General uses no "points and
authority", case law to support her Motion on "DEFENDANTS MOTION
TO SET ASIDE ENTRY OF DEFAULT". This is not good cause under
Rule 55(C) to be granted a reverse decision on the Defendant C. Smith Default.
Here she states two or Motions she doesn't respond to and when she did
respond she was already denied the same exact motions. See; (Doc#50),
(Doc#51), (Doc#54), (Doc#60), (Doc#61) in this case #3:15-CV-00499-MMD-WGC.
She has had ample opportunities to file answers to motions and ORDERS and responses
to them, and she did not because of staffing issues. Plaintiff doesn't have
"any" staff or secretaries to help him as a pro-se and on DOC#25 ORDER.
Plaintiff Denied Appointment of Counsel 1-31-17. The AG wouldn't even
recognize C. Smith as a Defendant, said he was dismissed on the First Amended
Complaint and argued it. See; "OPPOSITION TO MOTION TO RESPOND TO DEFENDANT'S
NOTICE OF ACCEPTANCE OF SERVICE" dated 1-26-17. She was ordered to take
Service on two occasions by Court Order. See; (Doc#18) ORDER 12-12-16 and
See (Doc#24) ORDER Dated 1-30-17. Both to take service on C. Smith. And Plaintiff
put uncountable motions in for Service but        -14-

I.

STATEMENT OF FACTS IN SUPPORT I (continued)

1. was denied service by AG.
2.
3. (FACT 23) On June 15, 2017 Telephonic Conference with Honorable Judge
4. Cobb and Ms. Albright, and myself, the Defalt was reversed in favor
5. of (AG) Albright. Plantiff asked if he could oppose and was granted
6. it. And this is his OPPOSITION.
7.

II. CONCLUSION

9. WHEREFORE, Plantiff showing good cause with "Points and Authorities"
10. under Federal Rules of Civil Procedure and Respectfully asked to reverse
11. its June 15, 2017 ORDER on the reverse of Defalt of Judgment for
12. Defendant C. Smith. The Defendant nor its counsel can justify any of its
13. not pleading, responding, or Defending Plantiffs Complaint in a (120 DAY) time
14. allowed FRCP(4;i), FRCP 55(A), 55(b), 12(a)(1)(A)(i), or FRCP 19 & 20 / 13 & 14
15. for service of process and Defalt of Judgment, and Discovery rules to add new
16. parties to the CASE within (60 Days) which was April 10, 2017 and no motion
17. or time extention was ever filed on this FRCP Rule to add any parties by the
18. Attorney Generals Office. The plantiff endures Predjuce and Delay by: (1) was
19. not allowed to a possible settlement under the mediation conference and the
20. Attorney General did not follow the FRCP on C. Smith as her Defendant; (2) Plantiff
21. was Delayed the Defendants Address C. Smith from 12-12-16 to 2-9-17 because
22. the Attorney General wouldnt accept service nor give the ordered sealed address
23. of Defendant C. Smith; (3) Plantiff has no staff, secreteries or lawyers and has
24. to hand write all these responses over and over again because the AG dosent
25. answer for Defendant C. Smith, but its ok for her to use staff, secreteries,
26. and fellow lawyers to help her and she still couldnt respond and wins a reverse
27. on the Defalt to C. Smith without case law or any FRCP "Points or Authorties" like
28. plantiff does; (4) Delay on case

-15-

I.

STATEMENT OF FACTS IN SUPPORT OF                    (continued)

1. for Discovery and Motions because now C.Smith gets to be a defendant
2. 2 years latter on a June 15.2017 Hearing which by all prior orders and
3. motions were moot, and the AG should not be allowed a reverse by
4. excuses weeks and months latter are staffing issues and not case law. The
5. Plantiff has to wait until October 2017 now and wait for the AG
6. to get copies of the apple on Interrogators, Admissions, Comple Discovery
7. and she didn't even add the new party C.Smith by April 10, 2017 and she
8. still has not. Plantiff has injured wrist/hands because of Defendant C.Smith
9. and the other Defendant in Case # 3:15-cv-00313-MMD-VPC and now must write
10. more unwanted/unwanted litigation in order to argue something he all
11. ready has due for months and years. All is a Delay and Perjustice to
12. Plantiff and unfair. Plantiff shows good cause why the Court should
13. still allow plantiff to releif of Defalt Judgment against C.Smith under
14. FRCP 55(a) and (b). Staffing Issues is not a excuse or defense to get a reverse judgment.
15. Plantiff opposes the "MOTION FOR ENLARGEMENT OF TIME TO FILE DISPOSTIVE MOTIONS"
16. and Video Motion on the same grounds as the "MOTION TO SET ASIDE ENTRY OF DEFAULT";
17. on this brief All motions should be denied.    RESPECTFULLY SUBMITTED
18. (All Motions are time bared except Dispositive Motions) this 18 day of June 2017
19. for Brannon.
20.       BY: Joseph F.M.
21.            JOSEPH MEZZONI
22.            #68549

-16-

AFFIDAVIT OF JOSEPH MEZZONI #68549 IN PRO-SE

STATE OF NEVADA)
            :SS
COUNTY OF CLARK)

5. (1.) Plantiff in PROSE JOSEPH MEZZONI #68549 in Support of this affidavit here for a "MOTION TO RESPOND AND OPPOSE DEFENDANTS DEFALT JUDGMENT REVERSED BY THIS COURTS GRANTING IT 6-15-17" on his §1983 Complaint IN THE UNITED STATES DISTRICT COURT DISTRICT OF NEVADA, does so in truth under §1746 USC/NRS LAWS. under penlity of perjury.

RESPECTFULLY SUBMITTED
this 18 day of June, 2017

BY: /s/ Joseph M.
JOSEPH MIZZONI
#68549

-17-

CERTIFICATE OF SERVICE BY US MAIL

I Joseph Mizzoni #68549 hereby certifies pursuant to 28 USC §1746 that on this 19 day of June 2017. I mailed a true correct copy of the foregoing "MOTION TO RESPOND AND OPPOSE DEFENDANTS DEFAULT JUDGMENT REVERSED BY THIS COURTS GRANTING IT 6-15-17" and IN THE UNITED STATES DISTRICT COURT DISTRICT OF NEVADA by giving it to a prison official at High Desert State Prison Brass Slip # ___ sealed and postage prepaid and address to:

(1) CLERK, US. DISTRICT COURT
DISTRICT OF NEVADA
400 South Virginia Street, Room #301
RENO, NEVADA. 89501

(2) OFFICE OF ATTORNEY GENERAL
NEVADA
MS. ALBRIGHT
100 North Carson Street
Carson City, NV. 89701-4717

(3) ADDRESS OF PLAINTIFF
JOSEPH MIZZONI #68549
High Desert State Prison
PO Box 650
INDIAN SPRINGS, NV. 89070

BY: _____
JOSEPH MIZZONI
#68549

-18-