ADAM PAUL LAXALT
  Attorney General
ERIN L. ALBRIGHT
  Deputy Attorney General #9953
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1257
E-mail:  ealbright@ag.nv.gov

*Attorneys for Defendants*
*Ira Brannon and Christopher Smith*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSEPH L. MIZZONI,

          Plaintiff,

vs.

STATE OF NEVADA, et al.,

          Defendants.

Case No.  3:15-cv-00499-MMD-WGC

**MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS H AND I, CONSISTING OF PORTIONS OF PLAINTIFF'S AND DEFENDANT SMITH'S MEDICAL RECORDS, UNDER SEAL**

Defendants, Ira Brannon and Christopher Smith, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Erin L. Albright, Deputy Attorney General, hereby submit their Motion for Leave to File Under Seal Exhibits H and I, Consisting of Portions of Plaintiff's and Defendant Smith's Medical Records, Under Seal.

This Motion is based on the following Memorandum of Points and Authorities and the papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants seek leave to file Exhibits H and I, consisting of portions of Plaintiff's and Defendant Smith's medical records under seal.  Specifically, these exhibits contain the medical evaluation performed on both Plaintiff and Defendant Smith after the March 28, 2015 incident involved in this matter.

/ / /

## II.    LEGAL STANDARD

LR IA 10-5(a) requires papers filed with the Court under seal to be accompanied by a motion for leave to file those documents under seal.  *See* LR IA 10-5(a).  Courts have recognized a general right of the public to inspect and copy public records and documents, including judicial records and documents.  *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted).  The strong presumption of public access must be overcome by a party seeking to seal a judicial record.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1178).  This is a stringent standard, and a party must demonstrate "'a compelling reason and [articulate] a factual basis . . . without relying on hypothesis or conjecture" to justify sealing court records.  *See Ctr. for Auto Safety*, 809 F.3d at 1096–97.  The "compelling reason" standard applies to any motion "more than tangentially related to the merits of a case[,]" but especially applies to dispositive motions.  *See id*. at 1100–01.  What constitutes a compelling reason is within the discretion of the District Court, including items that could "'gratify private spite or promote public scandal[.]'"  *See id*. at 1097.

## III.    DISCUSSION

Defendants seek leave to file Plaintiff's and Defendant Smith's medical records under seal because these items contain sensitive information controlled by prison regulations.  In the prison context, certain items of information have the unique and dangerous potential to expose either Plaintiff or prison staff members to physical, emotional, financial, or other harm.  Former NDOC Director James "Greg" Cox (Cox) explained the rationale behind prison information confidentiality policies in a prior case before the Court.  *See generally* Exh. A (Declaration of Greg Cox[1]).  Cox states that these policies often protect the privacy of inmates diagnosed with "embarrassing or shunned diseases and alcohol and/ drug" addiction.  *Id.* at 2.  By preventing inmates from obtaining copies of their medical records, another inmate cannot "forcibly take such records from the inmate, which could cause subsequent harm

---

[1] Cox's declaration was previously filed on December 5, 2011, in *McCabe v. Gibbons, et al.*, case number 3:09-cv-00244-LRH-RAM.  *See* (ECF No. 72) therein.  Director Cox's declaration supported the defendants' Brief Addressing the Confidentiality and Safety and Security Issues Pertaining to Inmate Medical Records.  Similar circumstances exist in the instant case, and Cox's declaration applies with equal force here, as the rationale behind NDOC's policies regarding inmate medical records remains unchanged.  At page 2, Cox states that the Administrative Regulations and Medical Directives are attached as exhibits.  Although the regulations and directives have been amended since Cox made this declaration, the substance of the current rules does not materially differ from that of the former rules.

to the inmate or to the security, discipline, and good order of the prison." *Id.* at 3.  To illustrate, Cox stresses that stolen medical records could reveal that an inmate has AIDS, leprosy, hepatitis, or a sexually transmitted disease, "which could cause a number of classification, security, and housing problems; inmates' ostracism of the inflicted [sic] inmate; and/or demands by cellmates for transfer and the alternative of single-celling of the inmate, although there is no real medical risk." *Id.*  Cox further explains that stolen inmate medical records could show certain medicines that the inmate receives and cause the inmate to endure pressure from other inmates who wish to illicitly obtain the medicines.  *Id.* Finally, Cox states that stolen medical records may indicate a physical disability "that could put the inmate at risk for increased victimization due to knowledge of weakened physical ability."  *Id.* at 4. Original institutional incident reports can expose the same sensitive inmate health information, and also provide information that inmates could use or distribute for the purposes of blackmail, extortion, or physical attack of prison staff members.  This material has great potential to "gratify private spite or promote public scandal" in the prison context.  *See Ctr. for Auto Safety*, 809 F.3d at 1097.

Courts generally defer to the judgment of prison officials in matters of security.  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (explaining that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in the judgment are needed to preserve internal order and discipline and maintain institutional security").  *See also Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2009) ("It is well established that judges and juries must defer to prison officials' expert judgments.").  The Plaintiff's and Defendant Smith's medical records at issue in this case are confidential documents pursuant to NRS 629.061 and Nevada Department of Corrections (NDOC) Administrative Regulations (ARs) 568, 569, 639, as well as the federal Health Insurance Portability and Accountability Act (HIPAA).  While a plaintiff may waive HIPAA confidentiality, Plaintiff in this case has not provided such a waiver.

Accordingly, Exhibits H and I, consisting of Plaintiff's and Defendant Smith's medical records, should be filed under seal to prevent their entry into the public record and to protect Plaintiff's confidentiality and institutional safety and security.  Filing these Exhibits under seal will not prejudice Plaintiff because copies of these exhibits will be provided to the warden's office of the facility where he is housed, and he may send institutional correspondence (kite) to review the exhibits.  Inmates cannot

possess confidential medical or other documents pursuant to the aforementioned regulations in their cells, so this is the proper procedure.

## IV.   CONCLUSION

Because of the unique safety and security concerns presented by the prison context, compelling reasons (as described above) justify the filing of certain records under seal.   For these reasons, Defendants respectfully request this Court grant their Motion for Leave to File Exhibits H and I, Consisting of Plaintiff's and Defendant Smith's Medical Records, Under Seal.

Dated this 16th day of November 2017.

ADAM PAUL LAXALT
Attorney General

By: _____
ERIN L. ALBRIGHT
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 16th day of November 2017, I caused to be deposited for mailing a true and correct copy of the foregoing, **MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS H AND I, CONSISTING OF PORTIONS OF PLAINTIFF'S AND DEFENDANT SMITH'S MEDICAL RECORDS, UNDER SEAL**, to the following:

JOSEPH L. MIZZONI #68549
HIGH DESERT STATE PRISON
P.O. BOX 650
INDIAN SPRINGS, NV 89070

An employee of the
Office of the Attorney General

5