ADAM PAUL LAXALT
  Attorney General
ERIN L. ALBRIGHT #9953
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1257
E-mail:  *ealbright@ag.nv.gov*

*Attorneys for Defendants*
*Ira Brannon and Christopher Smith*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>                    Defendants. | Case No.  3:15-cv-00499-MMD-WGC<br><br>**REPLY TO PLAINTIFF'S "MOTON TO OPPOSE DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND SEALED EXHIBITS/AND REVERSE SUMMARY JUDGMENT TO PLAINTIFF FOR ALL RELIEF" (SIC) (ECF NO. 123)** |

Defendants Ira Brannon and Christopher Smith, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Erin L. Albright, Deputy Attorney General, hereby reply to Plaintiff's "Motion to Oppose Defendants Motion for Summary Judgment and Sealed Exhibits/And Reverse Summary Judgment to Plaintiff for All Relief" ("Opposition ") (ECF No. 123).

This reply is based on the following Memorandum of Points and Authorities and the papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiff, Joseph L. Mizzoni ("Inmate Mizzoni"), failed to demonstrate the existence of genuine issues of material fact that can only be resolved by a fact finder.  Inmate Mizzoni's version of the facts is contradicted by the written documentary evidence.  Further, mere allegations and speculation do not create a genuine issue of material fact.  Since Inmate Mizzoni relies on mere allegations, speculation and facts

1  that are contradicted by the written documentary evidence to defeat summary judgment; this Court should

2  grant Defendants' Motion for Summary Judgment (ECF No. 118).

3  **II.      STATEMENT OF FACTS PRESENTED BY INMATE MIZZONI**

4          Defendants will address Inmate Mizzoni's Statement of Facts in the order presented in his

5  Opposition (ECF No. 123).

6          **A.      This Court Should Disregard Administrative Regulation 422 When Ruling on**
           **Defendants' Motion for Summary Judgment as the Regulation was not Effective on**
7          **March 28, 2015.**

8          Inmate Mizzoni asserts that Administrative Regulation ("AR") 422, which is Exhibit B, requires

9  "every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's

10  quarters and property in good order upon completion of the search.  Any damage will be reported."  (ECF

11  No. 123 at 3).  Defendants have moved to strike AR 422 from Inmate Mizzoni's Opposition  (ECF No.

12  123) on the basis that the version of AR 422 relied upon by Inmate Mizzoni was not in effect on March 28,

13  2015, which is the date of the incident that forms the basis of Inmate Mizzoni's complaint (ECF No. 7).

14  Therefore, this Court should disregard lines 26 – 28 on page 2 and lines 1 – 6 on page 3 of Inmate

15  Mizzoni's Opposition (ECF No. 123) when ruling on Defendants' Motion for Summary Judgment (ECF

16  No. 118).

17          **B.      This Court Should Disregard Administrative Regulation 707 When Ruling on**
           **Defendants' Motion for Summary Judgment as the Regulation was not Effective on**
18          **March 28, 2015.**

19          Inmate Mizzoni asserts that he did not tell Defendant Smith to kiss his ass.  (ECF No. 123 at 3).

20  However, he then argues that even if he did tell Defendant Smith to kiss his ass, the word "ass" does not

21  violate AR 707, which is Exhibit C and, therefore, Defendant Smith should not have restrained Inmate

22  Mizzoni.  (*Id*.)  Defendants have moved to strike AR 707 from Inmate Mizzoni's Opposition  (ECF No.

23  123) on the basis that the version of AR 707 relied upon by Inmate Mizzoni was not in effect on March 28,

24  2015.  Therefore, this Court should disregard lines 15 – 19 on page 3 of Inmate Mizzoni's Opposition

25  (ECF No. 123) when ruling on Defendants' Motion for Summary Judgment (ECF No. 118).

26  / / /

27  / / /

28  / / /

**C.      Inmate Mizzoni Was Not Blind in His Left Eye on March 28, 2015.**

Inmate Mizzoni asserts he had to raise off the wall towards Defendant Smith to determine who was grabbing him because he is blind in his left eye and could not determine who was grabbing him.  (ECF No. 123 at 3).  This is a blatant misrepresentation.

The United States Supreme Court has stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Here, on March 28, 2015, Inmate Mizzoni suffered from a cataract in his left eye that resulted in blurry vision.  (ECF No. 133 at 2 in 3:11-cv-00358).  He was not blind in his left eye.  Therefore, this Court should disregard lines 26 – 27 on page 3 of Inmate Mizzoni's Opposition (ECF No. 123) when ruling on Defendants' Motion for Summary Judgment (ECF No. 118).

**D.      Inmate Mizzoni Was Not Compliant With Defendant Smith's Orders After Defendant Smith Brought Him to the Ground on March 28, 2015.**

Inmate Mizzoni asserts that after Defendant Smith placed him in a chokehold and brought him to the ground that he rolled over, put his hands behind his back, and said "cuff me."  (ECF No. 123 at 4).  This assertion is blatantly contradicted by the record.

The United States Supreme Court has stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Here, the report of John Henley states that at approximately 20:35 he received a call for back-up in unit 5 to which he immediately responded.  (ECF No. 123 at 93).  At 20:40, John Henley entered unit 5 and noticed Inmate Mizzoni on the ground struggling with multiple staff members.  (*Id.*)

The report of Joseph Allison states at approximately 8:40 he heard a call for assistance over the radio.  (ECF NO. 123 at 97).  When Joseph Allison responded to the unit 5, he saw Inmate Mizzoni and Defendant Smith on the ground struggling.  (*Id.*)

/ / /

1    The declaration of Robert Ardinger states that at approximately 2034 hours he heard a call on the

2    radio from unit 5 and it was unclear what was happening. (ECF No. 118-2 at 2). He proceeded to unit 5 to

3    determine if back-up was needed. (*Id*.) Upon arriving at unit 5, he observed what appeared to be a fight in

4    the unit 5 rotunda. (*Id*.) As he entered unit 5, he saw Defendant Smith on the ground with an unrestrained

5    Inmate who was refusing Defendant Smith's verbal commands. (*Id*.) Since Inmate Mizzoni's version of

6    the facts is blatantly contradicted by the record, this Court should disregard lines 4 and 6 on page 6 of

7    Inmate Mizzoni's Opposition (ECF No. 123) when ruling on Defendants Motion for Summary Judgment

8    (ECF No. 118).

9    **E.    Defendant Smith, Joseph Allison and Robert Ardinger Did Not Fake Their Reports.**

10    Inmate Mizzoni alleges Defendant Smith, Joseph Allison and Robert Ardinger conspired to fake

11    their reports. (ECF No. 123 at 5). Claims of conspiracy must be supported by specific factual claims.

12    *Burns v. Cty of King*, 883 F.2d 819, 821 (9th Cir. 1989). Further, for a claim of conspiracy the plaintiff

13    must show an agreement or meeting of the minds by defendants to violate the plaintiff's constitutional

14    rights. *Crowe v. Cnty of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Inmate Mizzoni argues that Senior

15    Officer J. Hill's report is evidence of the conspiracy because it contradicts the Defendants' statement of

16    facts outlined in their motion by having Joseph Allison and Robert Ardinger arriving in unit 5 at the same

17    time. (ECF NO. 123 at 5). However, a review of Senior Officer J. Hill's report clearly shows that Joseph

18    Allison and Robert Ardinger arrived in unit 4, not unit 5, at the same time. (ECF No. 123 at 93).

19    Additionally, Inmate Mizzoni has failed to allege specific factual claims demonstrating Defendant

20    Smith, Joseph Allison and Robert Ardinger had an agreement or meeting of the minds to violate his

21    constitutional rights. (ECF No. 123 at 5-6). Therefore, this Court should disregard lines 1 – 28 on page 5

22    and lines 1 – 17 on page 6 of Inmate Mizzoni's Opposition (ECF No. 123) when ruling on Defendants'

23    Motion for Summary Judgment (ECF No. 118).

24    **F.    Inmate Mizzoni Received Due Process for the March 28, 2015 Incident**

25    Inmate Mizzoni alleges he did not receive due process and was punished on the spot. (ECF No.

26    123 at 6). This is a blatant misrepresentation. Inmate Mizzoni received a notice of charges for the March

27    28, 2015 incident on April 2, 2015. (ECF No. 118-7 at 2). A hearing on the notice of charges was held on

28    May 1, 2015. (*Id*.) At the hearing, Inmate Mizzoni presented testimony and witnesses. (*Id*.) At the

conclusion of the hearing, Inmate Mizzoni was found guilty of assaulting Defendant Smith.  (*Id*. at 4).

Thus, contrary to Mizzoni's assertion he received due process for the March 28, 2015 incident.  Therefore,

this Court should disregard lines 18 – 19 on page 6 of Inmate Mizzoni's Opposition (ECF No. 123) when

ruling on Defendants' Motion for Summary Judgment (ECF No. 118).

> **G.     Defendants Did Not Grind Inmate Mizzoni's Face/Head Back And Forth on the Ground Until He Passed Out, Defendants Did Not Grind Inmate Mizzoni's Knees on The Ground Until They Bled, And Defendant Smith Did Have Visible Injuries.**

Inmate Mizzoni asserts that Defendants pushed his head down to the floor and ground his face/head

back and forth until he was knocked out.  (ECF No. 123 at 6).  He asserts that his legs and torso were

pushed down and his knees ground into the ground until they bled.  (*Id*.)  He also asserts that Defendant

Smith did not have one mark on him after the incident.  (*Id*.)  A review of the injuries suffered by

Defendant Smith and Inmate Mizzoni demonstrates that Inmate Mizzoni's version of the facts is blatantly

contradicted by the record.

The United States Supreme Court has stated that "[w]hen opposing parties tell two different

stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it,

a court should not adopt that version of the facts for purposes of ruling on a motion for summary

judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Here, the medical evaluation performed on

Inmate Mizzoni immediately following the March 28, 2015 incident demonstrates that Inmate Mizzoni

had a superficial laceration with swelling to his left eyebrow area, dime size abrasions on his left

kneecap and a small abrasion to the right wrist.  (ECF No. 118 at 4).  The medical evaluation performed

on Defendant Smith immediately following the incident demonstrates that Defendant Smith had a

small-reddened, swollen area on his right cheekbone.  (*Id*.)  Since Inmate Mizzoni's version of the facts

is blatantly contradicted by the record, this Court should disregard lines 20 – 28 on page 6 of Inmate

Mizzoni's Opposition (ECF No. 123) when ruling on Defendants' Motion for Summary Judgment

(ECF No. 118).

> **H.     Defendants Did Not Conspire to Destroy the Videotape Recording**

Inmate Mizzoni alleges the "Defendants conspired and destroyed all video and didn't take a

hand held video in order to cover up this punishment before due process hearing."  (ECF No. 123 at 8).

Claims of conspiracy must be supported by specific factual claims. *Burns v. Cty of King*, 883 F.2d 819,

821 (9th Cir. 1989).  Further, for a claim of conspiracy the plaintiff must show an agreement or meeting of the minds by defendants to violate the plaintiff's constitutional rights.  *Crowe v. Cnty of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).  A review of Inmate Mizzoni's complaint (ECF No. 7) and Opposition (ECF No. 123) demonstrate that he failed to allege specific factual claims demonstrating an agreement or meeting of the minds by Defendants to violate his constitutional rights.

Further, Inmate Mizzoni's allegation is blatantly contradicted by the record.  The United States Supreme Court has stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  The video recording from unit 5 was destroyed in the ordinary course of business prior to the warden of the institution being made aware of Inmate Mizzoni's request.  (ECF No. 114 at 4-6).

A review of the Investigation Detail Report, demonstrates that a hand held video recorder was never used to record the March 28, 2015 incident.  (ECF No. 123 at 91-100).  The version of AR 405 relied upon by Inmate Mizzoni to demonstrate that Defendants should have recorded the March 28, 2015 incident with a hand held video recorder was not in effect on March 28, 2015.  Additionally, hand held video recorders are only required during a planned use of force.  AR 405.07.  Since the March 28, 2015 incident was not a planned use of force, AR 405.07 did not require Defendants to record the incident with a hand held video recorder.  Since Inmate Mizzoni's version of the facts is blatantly contradicted by the record, this Court should disregard lines 7 – 21 on page 8 of Inmate Mizzoni's Opposition (ECF No. 123) when ruling on Defendants' Motion for Summary Judgment (ECF No. 118).

## I.      Inmate Mizzoni Exaggerates the Alleged Injuries Sustained on March 28, 2015.

Inmate Mizzoni alleges he suffered a concussion, one centimeter laceration, knee abrasions, wrist abrasions, cartilage damage, nerve damage, neck damage, kidney/spleen damage, permanent scarring of his face and knees and permanent damage to his hands, neck and wrist.  (ECF No.123 at 8).

The United States Supreme Court has stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary

1    judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A review of Inmate Mizzoni's medical

2    evaluation that was performed immediately following the March 28, 2015 incident, demonstrates that

3    Inmate Mizzoni is exaggerating the injuries he sustained during the incident. The medical evaluation

4    performed on Inmate Mizzoni demonstrates that he had a superficial one centimeter laceration with

5    swelling to his left eyebrow area, dime size abrasions on his left kneecap and a small abrasion to the

6    right wrist. (ECF No. 118 at 4). Since Inmate Mizzoni's version of the facts is blatantly contradicted

7    by the record, this Court should disregard lines 22 – 26 on page 8 of Inmate Mizzoni's Opposition (ECF

8    No. 123) when ruling on Defendants' Motion for Summary Judgment (ECF No. 118).

9    **III.   LEGAL STANDARD**

10        Summary judgment must be granted "if the pleadings, the discovery and disclosure materials on

11    file, and any affidavits show that there is no genuine issue as to any material fact and that the moving

12    party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Thus, summary judgment is

13    mandated "... against a party who fails to make a showing sufficient to establish the existence of an

14    element essential to that party's case, and on which that party will bear the burden of proof at

15    trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the

16    summary judgment context, the Court construes all disputed facts in the light most favorable to the non-

17    moving party. *Ellison v. Robertson,* 357 F.3d 1072, 1075 (9th Cir.2004).

18        Initially, the movant bears the burden of pointing out to the Court the basis for the motion and

19    the elements of the causes of action upon which the non-movant will be unable to establish a genuine

20    issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of

21    a genuine issue of material fact. *Id.* The non-movant cannot avoid summary judgment by relying on

22    conclusory data unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The

23    non-movant "must do more than simply show that there is some metaphysical doubt as to the material

24    facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'

25    " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d

26    538 (1986) (quoting Fed.R.Civ.P. 56(e)(2)).

27        "Although the evidence must be viewed in a light most favorable to the opponent of the motion,

28    and all reasonable inferences must be drawn in his favor, the inferences are limited to those upon which

1  a reasonable jury might return a verdict." *U.S. ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810,

2  815 (1995) (citing *T.W. Elec. Svc., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 630–31 (9th

3  Cir. 1987)).   However, "if the facts make a claim 'implausible' the non-movant must present 'more

4  persuasive evidence than would otherwise be necessary' in order to defeat a summary judgment

5  motion." *Id*. (citing *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d

6  1466, 1468 (9th Cir. 1987)).  The United States Supreme Court has stated that "[w]hen opposing parties

7  tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

8  could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for

9  summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

10     If the non-movant is relying on an affidavit or declaration to defeat a motion for summary

11  judgment, the affidavit or declaration "must be made on personal knowledge, set out facts that would be

12  admissible in evidence, and show that the affiant or declarant is competent to testify on the matters

13  stated."  Fed. R. Civ. P. 56(c)(4).  A conclusory, self-serving affidavit, lacking detailed facts and any

14  supporting evidence, is insufficient to create a genuine issue of material fact.  *Hansen v. United States,*

15  7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3

16  (9th Cir.1990).  Courts have refused to find a "genuine issue" of material fact where the only evidence

17  presented is "uncorroborated and self-serving" testimony.  *Kennedy v. Applause, Inc.,* 90 F.3d 1477,

18  1481 (9th Cir.1996).

19  **IV.    LEGAL ANALYSIS**

20     Defendants will address Inmate Mizzoni's legal arguments in the order presented in his Opposition.

21     **A.    Defendant Brannon Did Not Violate Inmate Mizzoni's Fourteenth Amendment Due
          Process Rights**

22

23     Inmate Mizzoni alleges Defendant Brannon denied his ability to present witnesses and video

24  evidence at the May 1, 2015 disciplinary hearing, which was held to address the charges against Inmate

25  Mizzoni stemming from the March 28, 2015 incident.   (ECF No. 123 at 13).   This statement is

26  disingenuous as Inmate Mizzoni presented the testimony of Christopher Deyerle at the May 1, 2015

27  disciplinary hearing.  (ECF No. 118-7 at 2).

28  / / /

Defendant Brannon denied Inmate Mizzoni's request to view video from the institutional camera system due to safety and security reasons, which is a legitimate penological reasons. (ECF No. 123 at 13). Since prison officials may limit an inmate's efforts to defend himself at a disciplinary hearing for legitimate penological reasons, Defendant Brannon did not violate Inmate Mizzoni's due process rights when he denied the request to view video from the institutional camera system. *See Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992).

Inmate Mizzoni also asserts Defendant Brannon violated his due process rights when he refused to allow Inmate Mizzoni to present all inmate witnesses who were in the unit 5 rotunda on March 28, 2015. (ECF NO. 123 at 14). The only inmate Inmate Mizzoni could identify and call as a witness was Christopher Deyerle. He was not able to name any other witnesses. Since Christopher Deyerle was allowed to testify at the May 1, 2015 disciplinary hearing and all other due process rights were provided, Defendant Brannon did not violate Inmate Mizzoni's due process rights when he relied upon Defendant Smith's statement in the Notice of Charges, the injuries sustained by Defendant Smith, Inmate Mizzoni's testimony and Christopher Deyerle's testimony to find Inmate Mizzoni guilty of battery against Defendant Smith.

**B.     Defendant Smith Did Not Write a False Disciplinary Report**

Inmate Mizzoni alleges Defendant Smith wrote a false disciplinary report but fails to detail how the report is false. (ECF No. 123 at 18). Assuming Inmate Mizzoni is arguing the entire report is false, this argument is belied by the written documentary evidence and Inmate Mizzoni's own admissions.

Inmate Mizzoni admits he confronted Defendant Smith on March 28, 2015. (ECF No. 123 at 3). He admits that he may have directed the word ass at Defendant Smith during this encounter. (*Id*.) He admits that Defendant Smith told him to get against the wall and that he was going to be restrained. (*Id*.) Inmate Mizzoni admits that he turned off the wall towards Defendant Smith. (*Id*.) He admits that Defendant Smith took him to the ground. (*Id*.) To this point, Inmate Mizzoni's version of the facts and Defendant Smith's version of the facts corroborate each other.

/ / /

/ / /

/ / /

The parties' versions of the facts diverge at this point with Inmate Mizzoni claiming he was not struggling and had resigned himself to being handcuffed.  (ECF No. 123 at 4).  Defendant Smith asserts that Inmate Mizzoni was struggling with him and struck him with a closed fist.  (ECF No. 118-1 at 2).  Defendant Smith's, not Inmate Mizzoni's, version of the facts is supported by the record.

The report of John Henley states that at approximately 20:35 he received a call for back-up in unit 5 to which he immediately responded.  (ECF No. 123 at 93).  At 20:40, John Henley entered unit 5 and noticed Inmate Mizzoni on the ground struggling with multiple staff members.  (*Id.*).

The report of Joseph Allison states at approximately 8:40 he heard a call for assistance over the radio.  (ECF NO. 123 at 97).  When Joseph Allison responded to the unit 5, he saw Inmate Mizzoni and Defendant Smith on the ground struggling.

The declaration of Robert Ardinger states that at approximately 2034 hours he heard a call on the radio from unit 5 and it was unclear what was happening.  (ECF No. 118-2 at 2).  He proceeded to unit 5 to determine if back-up was needed.  (*Id.*)  Upon arriving at unit 5, observed what appeared to be a fight in the unit 5 rotunda.  (*Id.*)  As he entered unit 5, he saw Defendant Smith on the ground with an unrestrained Inmate Mizzoni who was refusing Defendant Smith's verbal commands.  (*Id.*)  Thus, the written documentary evidence clearly demonstrates that Inmate Mizzoni continued to fight and struggle with Defendant Smith after Defendant Smith brought him to the ground.  That evidence coupled with the medical evaluation showing that Defendant Smith was struck in the face during the March 28, 2015 incident, demonstrates that Defendant Smith did not write a false disciplinary report.

**C.     Defendant Smith, Joseph Allison and Robert Ardinger Did Not Conspire to Submit False Reports**

Inmate Mizzoni alleges Defendant Smith, Joseph Allison and Robert Ardinger conspired to fake their reports.  (ECF No. 123 at 5).  Claims of conspiracy must be supported by specific factual claims.  *Burns v. Cty of King*, 883 F.2d 819, 821 (9th Cir. 1989).  Further, for a claim of conspiracy the plaintiff must show an agreement or meeting of the minds by defendants to violate the plaintiff's constitutional rights.  *Crowe v. Cnty of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).  Inmate Mizzoni argues that Senior Officer J. Hill's report is evidence of the conspiracy because it contradicts the Defendants' statement of facts outlined in their motion by having Joseph Allison and Robert Ardinger arriving in unit 5 at the same

1   time.  (ECF NO. 123 at 5).  However, a review of Senior Officer J. Hill's report clearly shows that Joseph

2   Allison and Robert Ardinger arrived in unit 4, not unit 5, at the same time.  (ECF No. 123 at 93).

3         Inmate Mizzoni has also failed to allege specific factual claims demonstrating Defendant Smith,

4   Joseph Allison and Robert Ardinger had an agreement or meeting of the minds to violate his constitutional

5   rights.  (ECF No. 123 at 5-6).

6         Additionally, Inmate Mizzoni argues that the Defendants intentionally disregarded AR 405 by

7   failing to have an operational hand held video recorder to record the March 28, 2015 incident.  (*Id*. at

8   18).  The version of AR 405 relied upon by Inmate Mizzoni to demonstrate that Defendants should

9   have recorded the March 28, 2015 incident with a hand held video recorder was not in effect on March

10  28, 2015.  Further, hand held video recorders are only required during a planned use of force.  AR

11  405.07.  Since the March 28, 2015 incident was not a planned use of force, AR 405.07 did not require

12  Defendants to record the incident with a hand held video recorder.  Based on the foregoing, this Court

13  should find that Defendant Smith, Joseph Allison and Robert Ardinger did not conspire to submit false

14  reports.

15        **D.    Inmate Mizzoni Admits That Defendant Smith's Actions on March 28, 2015 Were**
16        **        Not Retaliatory**

17        Inmate Mizzoni admits that Defendant Smith's actions on March 28, 2015 were not retaliatory.

18  (ECF No. 123 at 19).

19  **V.    CONCLUSION**

20        Inmate Mizzoni failed to raise a genuine issue of material fact because he relies on mere

21  accusations, speculation and evidence that is blatantly contradicted in the record.  Therefore, Defendants

22  respectfully request this Court grant their Motion for Summary Judgment (ECF No. 118).

23        Dated this 13th day of December 2017.

24                                    ADAM PAUL LAXALT
                                      Attorney General
25
                                      By: _____
26                                         ERIN L. ALBRIGHT
                                           Deputy Attorney General
27                                         Bureau of Litigation
                                           Public Safety Division
28
                                      *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 13ᵗʰ day of December 2017, I caused to be deposited for mailing a true and correct copy of the foregoing, **REPLY TO PLAINTIFF'S "MOTON TO OPPOSE DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND SEALED EXHIBITS/AND REVERSE SUMMARY JUDGMENT TO PLAINTIFF FOR ALL RELIEF" (SIC) (ECF NO. 123)**, to the following:

JOSEPH L. MIZZONI #68549
HIGH DESERT STATE PRISON
P.O. BOX 650
INDIAN SPRINGS, NV 89070


An employee of the
Office of the Attorney General