UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>                    Plaintiff,<br>      v.<br>STATE OF NEVADA, *et al.*,<br><br>                    Defendants. | Case No. 3:15-cv-00499-MMD-WGC<br><br>ORDER |

Before the Court is Plaintiff's objection ("Objection") to the Magistrate Judge's decision to grant Defendants' Motion to Set Aside Entry of Default ("Defendants' Motion) (ECF No. 78). (ECF No. 77.) Defendants filed a response (ECF No. 85) to which Plaintiff has replied (ECF No. 94.) However, Plaintiff failed to seek leave of the court to file his reply as required under LR IB 3-1(a). This Court finds that a reply brief is not necessary or helpful. Accordingly, the Court will strike Plaintiff's reply brief (ECF No. 94).

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In determining whether good cause exists, a court considers three factors: "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.'" *Brandt v. Am. Bankers Ins. Co. of Fla.,* 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)). "These factors . . . are disjunctive." *Brandt,* 653 F.3d at 1111 (quoting *Falk,* 739 F.2d at 463)). Thus, the court may refuse to set aside default if it holds any one of the three factors is true. *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010).

However, strong policy in the Ninth Circuit is to decide cases on their merits. "'[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle,* 615 F.3d at 1091 (quoting *Falk,* 739 F.2d at 463) (alternation in original). The *Falk* factors are more liberally applied in the context of a clerk's entry of default than in the default judgment context. *Mesle,* 615 F.3d at 1091 n.1 (quoting *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir. 2009)); *see also Haw. Carpenter's Trust v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986). "'The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment.'" *Aristocrat Techs, Inc. v. High Impact Design & Ent m't,* 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) (quoting *O'Connor v. State of Nev.,* 27 F.3d 357, 364 (9th Cir. 1994)).

The Magistrate Judge properly applied the *Falk* factors in setting aside the Clerk's entry of default against Defendant C. Smith. (ECF No. 78.) As the Magistrate Judge explained, the Attorney General's failure to appear for Smith was not willful, Smith made a meritorious defense and any prejudice to Plaintiff can be cured by extending the discovery deadline as to Smith. (*Id.* at 2.) Plaintiff cannot show that the Magistrate Judge's decision is clearly erroneous. In fact, the Court agrees with the Magistrate Judge's findings. Plaintiff's Objection is therefore overruled.

It is therefore ordered that Plaintiff's Objection (ECF No. 77) is overruled.

The Clerk is directed to strike Plaintiff's reply in support of his Objection (ECF No. 94).

DATED THIS 2nd day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE