UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>                               Plaintiff,<br>    v.<br>STATE OF NEVADA, *et al.,*<br>                              Defendants. | Case No. 3:15-cv-00499-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 112) relating to Plaintiff's Motion Seeking Permission to File a Spoliation/Destruction of Video Tape Evidence Against Defendants ("Spoliation Motion") (ECF No. 100). Defendants responded (ECF No. 106) and Plaintiff replied (ECF No. 111). The Magistrate Judge held a hearing on the the Spoliation Motion on September 21, 2017 (ECF No. 113) and issued his R&R on September 21, 2017. Defendants filed an objection (ECF No. 114), as did Plaintiff (ECF No. 115). Defendants responded to Plaintiff's objection (ECF No. 116), and Plaintiff replied. (ECF No. 117.) LR IB 3-1(a) provides that a reply brief "will be allowed only with leave of court." Plaintiff did not seek leave to file his reply. Accordingly, the Court strikes Plaintiff's reply. For the reasons described below, the Court finds good cause to accept and adopt the R&R in full.

**II.    BACKGROUND**

The Court adopts the facts as described in the R&R. (ECF No. 112 at 1-3.)

## III. LEGAL STANDARD

### A. Review of The Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

### B. Spoliation

The Court adopts the standard for evaluating spoliation of evidence described in the R&R. (ECF No. 112 at 3-5.)

## IV. DISCUSSION

### A. Defendants' Objection

Defendants argue that the Magistrate Judge erred in determining that Associate Warden Walsh would have known to preserve the relevant video footage on April 5, 2015, the date Plaintiff sent a kite to Walsh asking for the footage. (ECF No. 114 at 4 (citing ECF No. 112 at 7).) Defendants contend that Walsh did not know that the relevant video footage might be relevant to Plaintiff's claim until she opened Plaintiff's request, on April 17, 2015. (*Id.*) The Magistrate Judge did not err in concluding that Defendants received notice on April 5, 2015. If the Court were to accept Defendants' position—that they are not on notice of the need to preserve video footage until they open the request—then Defendants could avoid producing footage in any case by sitting on requests until the footage has been taped over.[1] Accordingly, the Court finds Defendants' argument unpersuasive.

---

[1] The video cameras run on a loop and record over their footage every ten to fourteen days unless the footage is preserved. (*See* ECF No. 112 at 6.)

2

### B. Plaintiff's Objections

Plaintiff argues that the Magistrate Judge erred by failing to consider that Administrative Regulation ("AR") 405 requires staff to record the spontaneous use of force with a hand-held camera. (*See* ECF No. 115 at 2-3.) The version of AR 405 in effect at the time of the incident ("2011 Regulations") required video-recording of spontaneous uses of force.[2] (ECF No. 132-1 at 5.) However, the corrections officer who attended the incident with a hand-held camera failed to capture any video footage. (*See* ECF No. 112 at 6.) While NNCC may have failed to comply with its own policies by neglecting to record the spontaneous use of force, that issue is not properly the subject of a spoliation motion— there can be no spoliation of evidence that did not exist in the first place.

Plaintiff further argues that the Magistrate Judge erred by failing to consider that AR 405 required Ronald Schreckengost to generate a report detailing that he reviewed the videotape footage from the incident and that Schreckengost's failure to generate a report is evidence that the videotape footage was destroyed with a culpable mind. (ECF No. 115 at 3.) Defendants respond that "[n]othing in the operative AR 405 required Ronald Schreckengost to generate a report outlining that he reviewed the videotape footage."

---

[2]The current version of AR 405 did not become effective until November 16, 2016, well after the incident that occurred on March 28, 2015. (ECF No. 116 at 3.) The 2011 Regulations became effective December 14, 2011. (*Id.*) In their response to Plaintiff's objection, Defendants represented that the 2011 Regulations did not require recording of spontaneous use of force. (ECF No. 116 at 3.) Defendants attached as an exhibit a copy of the 2011 Regulations, but it was missing two pages. (*See* ECF No. 116-1.) Defendants filed an errata and represented that the attachment was a complete version of the 2011 Regulations (ECF No. 130 at 1), but the exhibit was a copy of Plaintiff's Disciplinary Form 1 relating to the March incident, not the complete text of the 2011 Regulations. (*See* ECF No. 130-1.) Defendants then filed a second errata containing the complete text of the 2011 Regulations that unambiguously required prison personnel to video record spontaneous uses of force. (ECF No. 132; ECF No. 132-1 at 5 ("In instances of spontaneous use of force, such equipment [audiovisual cameras] will be immediately produced upon notification and recording will continue through medical examination and placement in secure housing.").)

Plaintiff argues that Defendants omitted pages of the 2011 Regulations from their response to his objection in bad faith. (*See* ECF No. 115 at 4.) This issue is not properly before the Court, however, as Plaintiff's motion relates to spoliation of evidence. Whether Defendants omitted certain pages of the 2011 Regulations from their response to Plaintiff's objection in bad faith is unrelated to the issue of whether Defendants engaged in spoliation of evidence.

1 (ECF No. 116 at 3.) Yet the 2011 Regulations states "[a]ny use of force will be reported to the shift supervisors who will ensure . . . that written reports from all staff involved are completed [before leaving the institution]." (ECF No. 132-1 at 6.) Nevertheless, Schreckengost's failure to generate a report does not demonstrate that Defendants destroyed the video footage intentionally. Schreckengost's failure may be traced to laziness, negligence, or inadequate training, for instance.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that the Magistrate Judge's R&R (ECF No. 112) is accepted and adopted in full.

It is further ordered that Plaintiff's Spoliation Motion (ECF No. 100) is granted in part and denied in part. It is denied to the extent that Plaintiff requests some sort of dismissal sanction or per se adverse inference instruction. It is granted in that the spoliation of the video evidence may be imputed to Defendants and that as a sanction Plaintiff is permitted to present evidence and argument to the jury that he asked for this video footage; that NNCC had a duty to preserve the footage once he asked for it; that other employees of NNCC (and not Defendants) failed to preserve the video footage; and that the video would have shown there were other inmates present in the wings of the Unit 5 rotunda that may have witnessed the incident on March 28, 2015.

DATED THIS 19th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE