1

2

3

4        UNITED STATES DISTRICT COURT

5        DISTRICT OF NEVADA

6    JOSEPH L. MIZZONI,                    Case No. 3:15-cv-00499-MMD-WGC

7                          Plaintiff,      **ORDER**

8        v.                               Re: ECF No. 125

9    STATE OF NEVADA, et. al.,

10                         Defendants.

11

12           Defendants filed a Motion to Strike Exhibits B, C and G filed in support of Plaintiff's

13   response to their motion for summary judgment. (ECF No. 125.) These exhibits are administrative

14   regulations (ARs) Plaintiff utilizes to support his response to Defendants' motion for summary

15   judgment.

16           Plaintiff's Exhibit B is a copy of AR 422 ("Institutional Management," "Search and

17   Shakedown Procedure"), with an effective date of May 2, 1991. (ECF No. 123 at 37-48.) Plaintiff's

18   Exhibit C is a copy of AR 707 ("Inmate Disciplinary Process") with an effective date of November

19   1, 2004. (ECF No. 123 at 50-88.) Plaintiff's Exhibit G is a copy of AR 405 ("Use of Force"), with

20   an effective date of November 16, 2016. (ECF No. 123 at 110-127.)

21           Defendants contend the ARs Plaintiff filed are not the versions of the ARs that were in

22   effect at the time of the March 28, 2015 incident that is the subject of Plaintiff's action; therefore,

23   Defendants contend they are immaterial. Defendants then filed an erratum to their motion,

24   indicating that the motion failed to include Exhibits A-C. (ECF No. 126.) They include another

25   copy of their motion to strike (ECF No. 126-1), and the declaration of Sheila D. Lambert, the

26   Grants and Policy Administrator of the Nevada Department of Corrections (NDOC) (ECF No.

27   126-2). Ms. Lambert states that Exhibits A, A, and A (presumably she is referring to Exhibits A,

28   B and C) are true and correct copies of NDOC ARs 405 ("Use of Force Standards"), 422 ("Search

1  and Seizure Standards"), and 704 ("Laundry and Clothing Procedure"), that were in effect when

2  the incident that is the subject of Plaintiff's complaint took place. These ARs are then attached as

3  Exhibits. (ECF No. 126-3, 126-4. 126-5.)

4       Plaintiff filed a lengthy response to the motion to strike. (ECF No. 131.) Defendants filed

5  a reply brief. (ECF No. 134.)

6       Preliminarily, the court points out that in seeking to present copies of the ARs that were

7  operative during the relevant time period, Defendants present a copy of AR 704, which governs

8  the laundry and clothing procedure within NDOC. This AR has nothing to do with Plaintiff's

9  action, and Plaintiff utilized a copy of AR *707* (not 704) in his response to Defendants' motion.

10  AR 707 governed the inmate disciplinary process, albeit in 2004.

11       In any event, Defendants' motion is **DENIED** as moot. The court has concurrently issued

12  a report and recommendation that Defendants' motion for summary judgment be granted. The

13  court's analysis centered on whether Plaintiff's disciplinary conviction and sanction implicated a

14  protected liberty interest. The court concluded that it did not. None of the ARs proffered by

15  Plaintiff in response to Defendants' motion for summary judgment were relevant to the court's

16  inquiry. Therefore, Defendants' motion to strike those documents is moot.

17  **IT IS SO ORDERED.**

18  DATED: March 12, 2018.

19                      WILLIAM G. COBB
                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28