UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH L. MIZZONI,<br><br>                     Plaintiff,<br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                     Defendants. | Case No. 3:15-cv-00499-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

## I.  SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 139) ("R&R") relating to Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 118).[1] Plaintiff filed his objection to the R&R on April 2, 2018 (ECF No. 143), Defendants filed their response thereto on April 10, 2018 (ECF No. 144). The Court accepts and adopts the R&R.

## II.  BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). This matter concerns events that occurred while Plaintiff was housed at Northern Nevada Correctional Center ("NNDC"). Following screening pursuant to 28 U.S.C. § 1915(a), the Court permitted Plaintiff to proceed on his Fourteenth Amendment

---

[1] Additionally before the Court is Plaintiff's Motion for Leave. (ECF No. 136.) In the motion, Plaintiff requests that the Court allows him to re-file his reply related to a previously issued R&R (ECF No. 112), and for the Court to reconsider its related order striking his previously submitted reply (ECF No. 135). (*See* ECF No. 136 at 2, 4.) Plaintiff filed the motion for leave after this Court issued the order which accepts and adopts the relevant R&R in full. The Court denies the motion for leave as moot.  Moreover, the issues decided in connection with the previous R&R were sufficiently briefed.

1  due process claims against Defendants Smith and Brannon. (ECF No. 10 at 7.)
2  Plaintiff's allegations and Defendants' responses are explained in detail in the R&R,
3  which this Court adopts.

### III. LEGAL STANDARD

#### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objection to the Magistrate Judge's R&R, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R.

///
///

**B.     Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

1 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position
2 will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Upon considering the documents, events, and circumstances, underlying this matter, the Magistrate Judge found that "Plaintiff does not implicate protected liberty interest." (ECF No. 139 at 14.) The Magistrate Judge concluded that Plaintiff therefore cannot succeed on his procedural due process claims, and additionally declined to reach the issue of whether the provided procedural protections were sufficient. (*Id.*) In short, the Magistrate Judge recommends granting Defendants' Motion.

This Court has conducted its *de novo* review in the case, and has fully considered Plaintiff's objection, Defendants' response, the parties' pleadings and memoranda, and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and pertinent Local Rules. The Court will briefly address Plaintiff's objection to the R&R.

Plaintiff's objection largely focuses on elucidating facts pertaining to Defendants' use of force and Defendant's failure to preserve, or make available, video evidence which allegedly documents the underlying prison incident. (ECF No. 143 at 4-10.) Plaintiff also objects to the Magistrate Judge's decision not to consider his exhibits B, C, and G. (*Id.* at 2-7.)

The Court considered each of Plaintiff's contentions, and finds that the R&R already addressed the issues upon which Plaintiff grounds his objection. *See* ECF No. 139 at 2, 6 (addressing the use of force dispute); *id.* at 3 (addressing the video storage issue). Moreover, as to the video evidence, Defendant's conduct does not go to the legal viability of Plaintiff's due process claims. As to the exhibits, the Magistrate Judge notes that Defendant filed a motion to strike the exhibits as immaterial to Plaintiff's claims[2] and that the court issued a separate order denying that motion as moot. (ECF No. 139 at 1.) However, the docket does not reflect that such order was filed at the time when Plaintiff's objection or Defendants' response was filed. Nevertheless, the Court

---

[2]ECF No. 125, errata at ECF Nos. 126, 126-1, 126-2, 126-3, 126-4, 126-5.

1 finds that these exhibits were not operative during the time Plaintiff's claims arose and
2 are not relevant to Plaintiff's claims.

To the extent Plaintiff discusses the relevant due process issue—condition or hardship of confinement—Plaintiff essentially reiterates the same arguments raised in opposition to Defendants' Motion, and which were addressed by the Magistrate Judge. (*Compare* ECF No. 143 at 10-15 *with* ECF No. 123.) The Court agrees with the Magistrate Judge's findings. Accordingly, the Court adopts the Magistrate Judge's R&R in full.

**V.     CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 139) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 118) is granted.

It is further ordered that Plaintiff's Motion for Leave (ECF No. 136) is denied. *See supra* n.1.

It is further ordered that the Clerk enter judgment and close this case.

DATED THIS 15th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE